## MOSES L. WENTWORTH v. TOWN OF FARMINGTON.

Objections to the form of a petition for a new highway must be taken before the reference to the county commissioners, or they will be considered as waived ; and this applies to an omission to state when application was made to the selectmen.

Where an application for a highway was filed with the clerk of the court, and an order of notice issued before January 1, 1868, it will be considered that the proceedings were had and commenced and were pending when the General Statutes took effect, and therefore that the proceedings must be governed by the old law.

Accordingly when the commissioners imposed part of the expense of making the road upon towns out of the county, it was held that the report must be recommitted.

PETITION for a new highway in Farmington. The petition was to this court, and set forth, among other things, that "whereas, the selectmen of Farmington have been petitioned to lay out said highway and have refused to do so, therefore we respectfully request," &c.

The petition was entered September Term, 1867, and continued for notice. At the February Term, 1868, Farmington appeared by counsel, and the petition was referred to the county commissioners, who, at this term, made a report laying out the highway.

It is stated in the report, that, after said petition for said new highway was referred to them, to wit, on the eleventh day of April, A. D., 1868, said town of Farmington in which said new highway was prayed to be laid out, presented their petition to said commissioners, which petition is hereunto annexed and marked C, and made a part of this report, setting forth that the expense of the proposed highway would be excessively burdensome to said town of Farmington, and that the towns of New Durham and Strafford, in said county of Strafford, and the towns of Alton and Barnstead, both in the county of Belknap, all situate in the vicinity, would be greatly benefited by the proposed new highway, and praying that a part of the expense of said proposed new highway may be borne by said towns of New Durham, Strafford, Alton and Barnstead ; whereupon notice was given to said towns who appeared by counsel and were heard ; and that "the said commissioners are of the opinion that the expense of said new highway would be excessively burdensome to said town of Farmington, and that said towns of Strafford, New Durham, Alton and Barnstead, being towns in the vicinity of said

new highway, would severally be greatly benefited by said new highway; and they, the said commissioners, have assigned and hereby do assign such reasonable part of the damages assessed and of the expense of laying out and making said new highway as they think just, to be paid by said several towns as follows, to wit:

| | |
|---|---|
| To the town of New Durham, | $550.00 |
| To the town of Barnstead, | 500.00 |
| To the town of Strafford, | 300.00 |
| To the town of Alton, | 200 00 |

to be paid to said town of Farmington."

At this term Farmington, New Durham and Strafford object to the acceptance of the report, on the ground that the proceedings before the selectmen are not sufficiently set forth in the petition made to this court.

To the order of contribution, made by the commissioners, Alton and Barnstead object as follows:

1. The road, as laid out, is wholly in the town of Farmington and within the county of Strafford.

2. Alton and Barnstead, being in the county of Belknap, are not liable to contribute any portion of the expense of building a road in another county, no part of which is in the county of Belknap.

3. The proceedings in the above case were instituted and commenced prior to the taking effect of the General Statutes, and are to be governed by the statutes existing and in force at the time said proceedings were commenced.

4. By the Act of 1850, Revised Statutes, chapter 55, the county commissioners of one county had no power or jurisdiction over any town or towns in another county, and could levy contributions for the purpose of building any road only upon those towns in the county through which the road passed, and upon towns in the county in the vicinity of the proposed road.

The questions of law arising in this case are reserved, the report and record to be referred to as part of the case, and the costs of reservation to be advanced by Farmington in the first instance.

*Small & Sanborn*, for petitioners.

*Eastman*, for Farmington.

*Wheeler*, for New Durham and Strafford.

*Christie & Currier*, for Alton and Barnstead.

BELLOWS, J.   The objections to the sufficiency of the allegations in respect to the application to the selectmen of Farmington do not appear to be insisted on; and we think it was too late, after the reference to the county commissioners, to take that exception.   The petition sets out an application to the selectmen to lay out this road and their refusal to do it, and if there be a defect, it is in matter of form in not stating when these things were done.   It is substantially in this respect like *Tap-*

*pan's Petition*, 24 N. H. 43 ; and this was held good after default and reference ; and, of course, enough must have been stated to give the court jurisdiction, and so it is here. Objections to the form of the petition must be made before the order of reference to the commissioners, or they will be considered as waived. 70th Rule of Court.

As the application to the selectmen was in substance sufficiently set forth, it is too late to take exception to the jurisdiction of the court on that ground. *White* v. *Landaff*, 35 N. H. 132 ; *Huntress* v. *Effingham*, 17 N. H. 585 ; *Stevens* v. *Goffstown*, 21 N. H. 457 ; *Kennett's Petition*, 24 N. H. 139.

The next question is whether the county commissioners rightly acted under the General Statutes, or whether they ought to have been governed by chapter 958 of the Laws of 1850, which was in force when the application for the highway was filed with the clerk, and the order of notice issued ; and this must depend upon the decision of the question whether this suit or proceeding was had or commenced before the time when the General Statutes took effect, which was January 1, 1868. Independently of express provisions in the Revised Statutes, and also in the General Statutes, the new law would not affect proceedings of this character already pending, unless the intention to do so was very clearly expressed. As no such intention was expressed in the General Statutes, it is very clear that their provisions cannot apply to suits and proceedings pending at the time they took effect. *Kennett's Petition*, 24 N. H. 139 ; *Colony* v. *Dublin*, 32 N. H. 433. In *Kennett's Petition* a similar question arose, and it was there decided that the law of 1850, before cited, empowering the road commissioners to impose part of the expense of making new highways upon neighboring towns other than those in which they were laid, did not apply where the petitions were pending when that law was passed.

The question then, is, Was this petition commenced or pending when the General Statutes went into effect? By the law then in force, a petition for a new highway might be presented to the court in term days, or to the clerk in vacation ; and upon its being filed, the clerk was required to issue an order of notice, returnable to the next term, to be served upon the towns through which the road might pass ; and it is understood that so much was done before January 1, 1868, although service was not actually made until January 9th, and so after the law took effect ; but we are of the opinion that the proceedings must be regarded as commenced and pending before the first of January.

In *Hardy* v. *Corliss & Trustee*, 21 N. H. 356, it is laid down by *Perley, J.*, that it has been well and long understood in our practice, that, as a general rule, an action is commenced when the writ is filled up with the declaration as the statute provides, in order to have it served on the opposite party ; and he says that "so far as we are aware, no decision has been made in this State, applying a different rule to any case for any purpose," and the cases cited sustain that position.

In *Bennett* v. *Chase*, 21 N. H. 583, it is held that a suit is commenced when the writ is made out and sent to the sheriff with the absolute and unequivocal intention of having it served ; although it is left

undecided whether an action in such case could be regarded as pending in court so as to defeat another action afterwards commenced.

In *Clendenning* v. *Allen*, 4 N. H. 385, however, it is said by *Richardson, C. J*, that, as the writ in this State always contains the declaration in which the cause of action is set forth at large, and as the term "pending" means nothing more than "remaining undecided," an action may, without doubt, be considered as pending from the commencement; and in respect to petitions for divorce, partition, &c., he says that no doubt is entertained that they may be considered as pending in court as soon as they are filed with the clerk.

And so it is held in respect to informations, which contain the substance of the matter, and in this respect differ from writs in the English practice. *Queen* v. *Harris*, Cro. Elis. 261 ; 2 Hawk. P. C. Book 2, chap. 26, sec. 63, where it said that on the day such informations are filed, and before any process sued upon them, they may be pleaded in abatement of any other suit. In *Arundell* v. *Arundell*, Cro. Elis. 677, which was error to revise a fine, it was held that the writ was pendant on the purchase thereof. In *Hayden* v. *Bucklin*, 9 Paige Ch. Rep. 514, it was held that filing a bill in equity and taking out a subpæna and making a *bona fide* attempt to serve it without delay may be considered as a commencement of the suit to stop the running of the statute of limitations, but not good as a *lis pendens* as to strangers without actual service. A similar doctrine was recognized in *Leach* v. *Noyes*, 45 N. H. 368.

In cases like the one before us, the petition is actually filed in court, and process is issued by the clerk with a view to present service, and we think, on the authorities referred to, it must be considered that the proceeding was then commenced, and was pending when the General Statutes went into effect, and it must, therefore, be governed by the law of 1850 ; and consequently the county commissioners had no power to impose part of the expenses upon towns out of the county.

The report, therefore, must be recommitted.