The People of the State of Illinois, Defendant in Error, v. William Lewis, Plaintiff in Error.

Gen. No. 13,730.

INDICTMENTS—*what must be proved as laid.* A description of the place is material and must be proved according to the averment thereof. Where the indictment charges the keeping of a room for gaming purposes at No. 239 East Twenty-second street, in Chicago, proof of the keeping of such a room at the corner of Dearborn and Twenty-second streets, in the same city, is not sufficient.

Proceeding by information. Error to the Municipal Court of Chicago; the Hon. JOHN A. NEWCOMER, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed April 6, 1908.

EDWARD H. MORRIS, for plaintiff in error.

JOHN J. HEALY, State's Attorney, and CLIFFORD H. ROE, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

An information was filed against Willam Lewis, the plaintiff in error, charging that he was "interested in owning, keeping, managing and maintaining a certain room in the premises at number 239 E. Twenty-second street, in said city, for the purpose of permitting persons to game and gamble for money and other valuable things, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Illinois." It is charged that the alleged offense was committed in the city of Chicago. The defendant pleaded not guilty and was fined $100 and costs. The defendant introduced no evidence.

Three witnesses testified for the people, and each of them testified that he saw the defendant gambling in a building at the corner of Dearborn and Twenty-second streets, and it was proved that the building is in the city of Chicago. That is the only building in respect to which evidence was given, and there was no evidence that the building was No. 239 E. Twenty-second street, nor was the number mentioned in the evidence.

It is assigned as error that "the proof does not show that the defendant kept a gaming house, or was interested in keeping one, at No. 239 E. Twenty-second street, as charged in the information," and counsel for the defendant contends that the averment of the *locus in quo* is a material averment, proof of which is essential to conviction. Even in civil cases description of

the place is material and necessary to be proved. W. C. R. R. Co. v. Weiczorek, 151 Ill. 579, 583; Wabash West. Ry. Co. v. Friedman, 146 *ib.* 583; Knuth v. George A. Weiss M. & El. Co., 72 Ill. App. 376, 389; Chitty on Pl., 252. For greater reason this is true in criminal cases, or cases involving a penalty. O'Leary v. The People, 88 Ill. App. 60, 65, and cases cited.

Counsel for the people contend that the deficiency of proof is a mere variance, and cannot be objected to here for the first time. We do not so regard it. It is not a mere variance, but a failure to prove an averment, proof of which is essential to a valid conviction. The omission to prove that the defendant was interested in owning, keeping, etc., a room at No. 239 E. Twenty-second street, for the purpose charged, was a fatal omission.

The judgment will be reversed and the cause will be remanded.

*Reversed and remanded.*