STATE OF NEBRASKA, APPELLEE, v. ERNST J. BANSE, APPELLANT.

169 N. W. 2d 294

Filed June 20, 1969. No. 37194.

Ross & O'Connor and Clayton H. Shrout, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Defendant was charged with a violation of section 28-1216, R. R. S. 1943, which makes it an offense, to obtain money, property, or credit by means of a false statement of financial condition. Defendant's motion to quash the information being overruled, he entered a plea of nolo contendere and was sentenced to a term in the Nebraska Penal and Correctional Complex. Defendant's motion for a new trial was overruled and he has appealed to this court.

The only contention here made by defendant is that the information fails to charge an offense. We sustain this contention.

Section 28-1216, R. R. S. 1943, insofar as it is per-

tinent here, provides: "Whoever shall knowingly make * * * any false statement in writing, with intent that it shall be relied upon, respecting the financial condition or means or ability to pay, of himself * * *, for the purpose of procuring in any form whatsoever, either the delivery of personal property, the payment of cash, * * * the extension of a credit, * * * for the benefit of himself * * *; * * * and the party or parties to whom such representations have been made or have come, *believe the same to be true and acting thereon part with money or property of any value, or extend any credit,* shall be punished * * *." (Emphasis supplied.) The statute provides a lesser penalty if the property or credit obtained is less than $35 than where it equals or exceeds that amount.

The information fails to allege that the party to whom the statement was made either relied or acted upon it, or parted with any credit, money, property, or thing of value.

Ordinarily, necessary elements required to be alleged in charging the crime of obtaining property by false pretenses include reliance of the defrauded party upon such false pretenses and the obtaining of something of value by the party making the false representations. See 32 Am. Jur. 2d, False Pretenses, § 64, p. 215, § 65, p. 216.

In addition to facts establishing venue and the time of the offense, the essential elements of the offense as set forth in the statute are: (1) That defendant knowingly made, in writing, a false statement of defendant's financial condition; (2) that the statement was made with the intent that it be relied upon; (3) that it was made for the purpose of procuring the delivery of money or property, or the extension of a credit, for the benefit of defendant; (4) that the party to whom such false statement was made believed it to be true and acted thereon by parting with money or property, or extending credit; and (5) the nature and value or

amount of the money or property parted with, or the credit extended.

The first four of these elements are specifically required by the language of the statute defining the offense. The fifth is necessarily implied by the nature of the penalty provided, the extent of which is dependent on the value of the money, property, or credit received. A failure to include one or more of these elements renders the information defective. Here the intent was alleged but not the fact that the party to whom the statement was made actually relied and acted upon it.

The statute is designed to prohibit the obtaining of something of value by means of false pretenses. Reliance of the defrauded party upon the false pretenses and the obtaining thereby of something of value by the defendant are necessary elements of the offense and must be charged in the information. "To charge a statutory offense, the information or complaint must contain a distinct allegation of each essential element of the crime as defined by the law creating it, either in the language of the statute or its equivalent." Nelson v. State, 167 Neb. 575, 94 N. W. 2d 1.

In view of the insufficiency of the information, this judgment is reversed and the cause is remanded.

REVERSED AND REMANDED.