STATE OF NEBRASKA, APPELLEE, V.
KENNETH H. STABLER, APPELLANT.

306 N.W.2d 925

Filed June 26, 1981. No. 43837.

Dennis R. Keefe, Lancaster County Public Defender, and Gerald L. Soucie for appellant.

Paul L. Douglas, Attorney General, and Ruth Anne E. Galter for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, Retired District Judge.

BOSLAUGH, J.

The defendant appeals from a conviction in District Court for driving while intoxicated, third offense, following his conviction in county court for refusal to submit to a chemical test under Neb. Rev. Stat. § 39-669.08 (Reissue 1978). Both charges grew out of the same incident. The defendant contends that his plea in bar, based on his conviction on the refusal charge, should have been sustained by the trial court.

The record shows the defendant was arrested at approximately 9 p.m. on April 26, 1980, near the intersection of 22nd and Vine Streets in Lincoln, Nebraska. The defendant's vehicle was observed stopped in a no-parking area on 22nd Street with the defendant in the driver's seat. The engine was running and the lights were on. As the police officer approached the vehicle, it moved forward several feet. The officer requested that the defendant place the vehicle in park and get out of the car. The defendant appeared to be intoxicated, and the officer observed a beer can next to the defendant. He

also smelled the odor of alcohol coming from the vehicle. After a preliminary breath test had been administered, the defendant was placed under arrest and taken to police headquarters.

At the police station the arresting officer read an implied consent form to the defendant. The defendant was asked to submit to a breath test but he refused. The defendant was then charged with refusal to submit to a chemical test under the implied consent statute, § 39-669.08, and with driving while intoxicated, third offense, under § 39-669.07.

On May 9, 1980, the defendant was found guilty in county court on the refusal charge and was sentenced to 7 days in jail and his operator's license suspended for 6 months.

On May 15, 1980, the defendant filed a plea in bar in the District Court, alleging the conviction on the refusal charge barred the prosecution for driving while intoxicated. The plea in bar was overruled.

The evidence at the trial in the District Court consisted primarily of the transcript of the evidence received in the county court at the trial on the refusal charge. The transcript contained the arresting officer's testimony on the issue of the defendant's refusal to take the chemical test and included the officer's opinion that the defendant was in fact intoxicated at the time he was arrested. The trial court found the defendant guilty of driving while under the influence of alcohol and sentenced him to 1 to 2 years' imprisonment.

The defendant contends his conviction and sentence for driving while under the influence violated the double jeopardy clause of the fifth amendment to the U.S. Constitution. Since the transcript of the refusal trial was the basis of the conviction for driving under the influence, the defendant argues they were one and the same offense. In determining whether two charges constitute the same offense, the test to be applied is whether each charge requires proof of different facts. *State v. Robinson*, 202 Neb. 210, 274 N.W.2d 553 (1979).

In *State v. Goodloe*, 197 Neb. 632, 250 N.W.2d 606 (1977), we upheld convictions for willful reckless driving, third and subsequent offenses, and operation of a motor vehicle to avoid arrest. Addressing the defendant's double jeopardy argument in that case, we stated at 634, 250 N.W.2d at 609: "This court has held that a distinction exists between an offense and the unlawful act out of which it arises, it being possible that two or more distinct offenses may grow out of the same transaction or act; and the rule that a person cannot be twice put in jeopardy for the same offense has no application where two separate and distinct crimes are committed by one and the same act, because the constitutional inhibition is directed to the identity of the offense and not to the act. Jeppesen v. State, 154 Neb. 765, 49 N.W.2d 611 (1951). In that case we stated: 'Neither in the Constitution of the United States nor in the Constitution of Nebraska is there any prohibition against successive prosecutions if the wrongful act is the cause of separate and distinct offenses.' "

It is clear from reading the statutes involved in this case that they create separate and distinct offenses. A conviction for refusal to submit to a chemical test requires proof that the defendant was advised of the consequences of refusing; the defendant was requested to provide a sample of his blood, breath, or urine; and the defendant refused to submit a sample. None of these facts are elements of the crime of driving while under the influence.

The defendant's contention that driving under the influence is a lesser-included offense of the crime of refusal is equally without merit. A lesser-included offense is one which includes some of the elements of the crime charged without the addition of any element irrelevant to the crime charged. *State v. Aby*, 205 Neb. 267, 287 N.W.2d 68 (1980).

In order to convict the defendant of the crime of driving while under the influence, it was necessary for the prosecution to prove beyond a reasonable doubt that the

defendant was "intoxicated" within the meaning of the statute. Evidence of this fact was contained in the officer's testimony at the refusal trial, but intoxication was not an element of the offense of refusal to submit to a chemical test.

The judgment of the District Court is affirmed.

AFFIRMED.

McCOWN, J., concurs in result.