STATE OF NEBRASKA, APPELLEE, V. JIM D. BLANKENFELD, APPELLANT.

423 N.W.2d 479

Filed May 20, 1988.    No. 87-661.

Mariclare Thomas of Oglesby, Brown, Thomas, Peterson & Orton, for appellant.

Robert M. Spire, Attorney General, and Sharon M. Lindgren, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This case began in the municipal court of Lincoln (now part of the county court for Lancaster County, see Neb. Rev. Stat. § 24-503 (Cum. Supp. 1986)), where defendant was arraigned on May 16, 1984, and charged with driving a motor vehicle while his license was suspended and with driving while intoxicated, third offense. Defendant pled not guilty. On January 24, 1985, defendant pled guilty to the charge of driving while intoxicated, third offense, and the other charge was dismissed. On February 15, 1985, after a presentence investigation, defendant was sentenced to 6 months in the county jail and to pay a fine of $500, and his driver's license was permanently revoked.

Defendant appealed to the district court, where the case was docketed as docket 68, page 58, which is the same district court docket in which this appeal was lodged. The district court affirmed the judgment and sentence of the municipal court on June 24, 1985. Defendant appealed from the district court order to this court, alleging on appeal here only that "[t]he District Court abused its discretion in refusing to place the Appellant on probation" and "in imposing a sentence which was excessive . . . ." When this appeal was presented to this court, the presentence report showed that defendant had been convicted of drunk driving 12 times, refusing to take a chemical test when requested 4 times, and driving while his license was suspended 2 times, and had been charged for such offenses 25 times. He had served county jail terms nine times for periods ranging from 7 days up to 6 months. He had served 1 year in the Nebraska penitentiary in 1974 and two consecutive terms of 1 to 2 years in the penitentiary in 1980.

Defendant's appeal that his 1985 sentence was excessive was denied by this court, and the judgment of the district court was affirmed. The affirmance was made under Neb. Ct. R. of Prac. 7A (rev. 1986), without opinion, and is shown at 221 Neb. xxii (case No. 85-520, Dec. 18, 1985). That judgment and sentence against defendant had thus become final on January 8, 1986, and on that day our mandate was forwarded to the district court. The mandate stated in part:

WHEREAS, in a late action in your court, captioned:

State of Nebraska, plaintiff, v. Jim D. Blankenfeld, defendant, you rendered judgment.

And, WHEREAS, the defendant prosecuted an appeal to this court. ON CONSIDERATION WHEREOF, the judgment which you rendered has been affirmed by the Supreme Court. . . .

Now, THEREFORE, you shall, without delay, proceed to enter judgment in conformity with the judgment and opinion of this court.

After the mandate was received, the clerk of the district court signed and filed a commitment in the case as follows:

TO THE SHERIFF OF LANCASTER COUNTY, NEBRASKA:

On March 13, 1985, the County Attorney on behalf of the State of Nebraska, filed a certain complaint against Jim D. Blankenfeld for DWI.

On June 24, 1985, the Court affirmed the judgment of Municipal Court as to the guilt of said defendant.

On June 24, 1985, said defendant was sentenced by the Hon. William D. Blue as follows:

"It is therefore considered, ordered and adjudged by the Court that said defendant is guilty as charged in the complaint filed herein,

Defendant present with attorney S. Brennan. Attorney for plaintiff present. Motion to affirm judgment granted. Judgment affirmed. Sentence imposed as follows: Defendant inprisoned [sic] to County Jail for (6) six months and is fined $500.00 and costs. Defendant ordered not to drive any motor vehicle in Nebraska for any purpose for remainder of defendant's lifefrom [sic] the date of this order, and defendant's operator's license and all privileges of driving a motor vehicle in Nebraska are ordered revoked permanently. . . .

On January 29, 1986 Judge Blue made the following entry: Mittimus to issue. Defendant now is in County Jail on another charge.

YOU ARE THEREFORE ORDERED TO EXECUTE THE SENTENCE AND ORDER OF THE COURT.

Signed and sealed this 29th day of January, 1986.

The nine-page transcript in this case then shows a "Motion To Set Aside Conviction." In that motion, filed June 10, 1987, defendant prays that

> the Court set aside the conviction on the above-entitled matter for the reason that sentence was never properly imposed on the Defendant in the instant matter and that it would unconstitutionally deny equal protection under the law to the Defendant, and for such other relief as is permitted by law.

(In passing, we note that this motion was filed in the name of "Jim D. Blankenfeld, Defendant." The notice of appeal, praecipe for transcript, praecipe for bill of exceptions, and statement of the issues are filed in the name of James Blankenfeld. We further note that in 1977, defendant was arrested and gave the arresting officer the name of James R. Ferguson. When arrested on December 25, 1986, on the charges set out in our case No. 87-784, defendant gave his name as James L. Ferguson. In pleadings filed in case No. 87-784, defendant's name has been set out as James Blankenfeld and James A. Blankenfeld. So there will be no further confusion, the defendant's name, as shown in the presentence reports available to this court, is Jim Dale Blankenfeld. He is usually charged as Jim D. Blankenfeld, and his current attorney refers to him by the name of "James" or "James A.")

A hearing was held on defendant's motion to set aside his conviction. Evidence was adduced showing defendant's plea in the municipal court of guilty to the charge of driving while intoxicated, third offense, and showing two earlier convictions of defendant. The evidence before the district court further showed that the municipal court judgment and conviction had been affirmed by the district court on June 24, 1985, and sentence imposed identical with that imposed in the municipal court. The evidence also showed that this sentence had been affirmed in this court and that, after our mandate had been sent to the district court, the district court, on January 29, 1986, had directed a mittimus to issue and noted that "Defendant now is in County Jail on another charge." The evidence shows that defendant began to serve the 6-month sentence in this case on February 4, 1986. Defendant completed serving his term on

June 23, 1986, after the allowance of 42 days' good time. Defendant also paid the costs and fine imposed.

Then, as set out above, on June 10, 1987, defendant filed the motion to set aside his conviction in this case.

Defendant's sole assignment of error is set out in his brief as the following:

> The district court of Lancaster County, Nebraka [sic] erred in ruling that Neb. Rev. Stat, Section 29-613 (Reissue 1985), vested in the district court, acting as an intermediate appellate court, the jurisdictional authority to execute on appellate mandate a judgment of conviction and sentence was not required to remand the appellate mandate for execution of final judgment of conviction and sentence by the court which originally rendered said judgment pursuant to Neb. Rev. Stat., Section 29-2305 (Reissue 1985).

In the conclusion of his brief, defendant requests this court

> to reverse the District Court of Lancaster County in overruling its [sic] Motion to Set Aside the Judgment and remand the case to the District Court with instructions to remand the appellate mandate issued by the Supreme Court on January 10, 1986, to the Court which rendered it, the County Court of Lancaster County, Nebraska.

Brief for Appellant at 19.

The relief requested by defendant's counsel seems to invite this court to set in motion another round of litigation to enable defendant to continue to flout the law, as defendant has done since his driver's license was first revoked on March 29, 1968. We decline the invitation, and affirm.

The judgment and sentence of the district court, as set out above, was appealed to this court and was affirmed on December 18, 1985. This court, by its mandate, informed the district court that "the judgment which you rendered has been affirmed" and directed the district court "to enter judgment in conformity with the judgment and opinion of this court." When the district court received this mandate, which, in effect, reinstated the judgment of the district court as set out above, the district court issued its "Commitment" order, set out above, to the sheriff of Lancaster County and ordered the sheriff "to

execute the sentence and order of the court."

The sheriff did so. Defendant served the time imposed upon him and paid the fine and costs assessed.

Then, by his motion of June 10, 1987, defendant purports to be outraged that, as set out in the motion, "To date of May 8, 1987, there has been a period of time lapsed of 1 year, 3 months and 29 days without proper execution of the sentence."

Without specifically addressing the convoluted reasoning in defendant's brief, we hold that the judgment in this case has become final. Except for the specific provisions set out in Neb. Rev. Stat. §§ 29-3001 et seq. (Reissue 1985), a motion for postconviction relief cannot be used to secure review of issues which were known to defendant at the time of his trial, plea, sentencing, or commitment. There is no issue presented in this case which was not fully known to defendant and his counsel and which could not have been raised on a direct appeal from the order of commitment in the district court. The issue could then have been raised in a postconviction action under § 29-3001, because defendant was then in custody and had filed a motion setting out a claim of violation of various constitutional rights, although defendant does not present a constitutional claim in his appeal to this court.

Defendant was represented at all levels of the above-mentioned proceedings, and his present counsel represented defendant in 1984 when she was a member of the public defender's office. If the legal system is to work at all there must be finality of judgment at some point, and defendant has reached that point in this case.

Defendant has not brought himself within the ambit of § 29-3001 for two reasons: (1) He was not in custody at the time of the filing of the motion in this case, and (2) defendant's rights were not denied or infringed upon in any manner which would render the judgment against him void or voidable under the Constitution of the United States or the Constitution of Nebraska.

Even defendant's contention that this case should be remanded (apparently to be sent to the now county court for resentencing on a crime for which his sentence has been fully served) is without merit. Defendant's reliance on our holding in

*State v. Daniels*, 224 Neb. 264, 397 N.W.2d 631 (1986), is misplaced. *Daniels* held only that in cases where probation has been granted by a county court, that sentence of probation can only be revoked by the county court which granted probation in the first place, and not by the district court reviewing the case. This position should be no more startling than the fact that generally a county court in Douglas County will not revoke a probation granted in Scotts Bluff County. Instead, if there has been an offense committed in Douglas County, that court will assess appropriate punishment for that new offense.

We do not have that type of situation in the case at bar. Here, the district court merely performed the ministerial task of enforcing the order of the Supreme Court of this State.

The order of the district court denying defendant's motion to set aside his conviction is affirmed. Defendant's driver's license remains revoked.

AFFIRMED.