CAROLYN JONES DONAHOO, DOING BUSINESS AS PALM GARDENS, APPELLANT, V. NEBRASKA LIQUOR CONTROL COMMISSION, APPELLEE.

426 N.W.2d 250

Filed July 15, 1988.   No. 86-764.

Andrew J. McMullen for appellant.

Robert M. Spire, Attorney General, and Susan M. Ugai for appellee.

BOSLAUGH, WHITE, CAPORALE, and GRANT, JJ., and NORTON, D.J.

CAPORALE, J.

Defendant-appellee, Nebraska Liquor Control Commission, suspended the retail Class C liquor license held by the plaintiff-appellant, Carolyn Jones Donahoo, doing business as Palm Gardens, for a period of 20 days on the ground that she sold liquor to one less than 21 years of age, in violation of a commission rule or regulation. The suspension was affirmed by the district court, and as a consequence Donahoo has appealed to this court. She asserts the district court erred in failing to find a "lack of evidence." As the assertion of error is without merit, we affirm.

The commission charged that on or about February 9, 1985, Donahoo permitted "the selling, dispensing or giving away" of beer to one "Kevin D. Lyons, he being less than 21 years of age, in violation of 237-LCC6-019.01A (16A ed.83) of the Rules and Regulations" of the commission.

We review this matter de novo on the record, *R.D.B., Inc. v. Nebraska Liquor Control Comm., ante* p. 178, 425 N.W.2d 884 (1988), and note at the outset that although the record very carefully designates the number of the rule or regulation under which the commission proceeded, the record neither tells us the difference between a commission rule and a commission regulation, nor does it tell us whether what it has designated is a rule or a regulation. What may prove to be of even greater importance to the commission in some future case is the fact that the commission failed to make the contents of the rule or

regulation involved a part of the record. Because establishing the existence and contents of a particular administrative rule or regulation at any given time is often a difficult and uncertain process, it is an established principle that, as a general rule, this court will not take judicial notice of such rules or regulations. See, *Zybach v. State*, 226 Neb. 396, 411 N.W.2d 627 (1987); *Nevels v. State*, 205 Neb. 642, 289 N.W.2d 511 (1980). It is incumbent upon the party relying on an administrative rule or regulation to prove both its existence and its language. In the case at hand, however, the commission is saved by the fact that both it and Donahoo proceed on the implicit theory that the rule or regulation in question parallels Neb. Rev. Stat. § 53-180 (Reissue 1984), which prohibits, among other things, the sale of alcoholic liquor to a "minor," such a person being defined for these purposes as any person "under twenty-one years of age, regardless of marital status," except for one who was 20 years of age or older on January 1, 1985. Neb. Rev. Stat. § 53-103(23) (Reissue 1984). "Alcoholic liquor" includes beer. § 53-103(6). No one claims that the sanction imposed is not authorized by the rule or regulation in question. Since cases are heard in this court on the theory upon which they were tried, *Kearney Clinic Bldg. Corp. v. Weaver*, 211 Neb. 499, 319 N.W.2d 95 (1982), we proceed on the basis that commission regulation or rule "237-LCC6-019.01A (16A ed.83)" prohibits the sale of beer to one less than 21 years of age and authorizes the sanction imposed.

Once the content of the rule or regulation involved is established, disposition of the case becomes remarkably simple. The record includes Lyons' testimony that on the relevant date he was but 19 years of age, that he went to the Palm Gardens, and that he bought some beer, two "six-packs," to be precise. He further testified that no one asked him about his age and that he did not volunteer the information. No one contradicts Lyons' testimony. That evidence alone convinces us that Donahoo did indeed violate the commission rule or regulation in question and that the judgment of the district court affirming the decision of the commission is correct.

Donahoo's suggestion that there was no proof the person selling the beer to Lyons was in fact her agent can only be described as fatuous; we refuse to assume that some nefarious

interloper mysteriously invaded the Palm Gardens.

AFFIRMED.