STATE OF NEBRASKA, APPELLEE, V. JIM D. BLANKENFELD, APPELLANT.
427 N.W.2d 65

Filed August 5, 1988.   No. 87-784.

Mariclare Thomas, of Oglesby, Brown, Thomas, Peterson & Orton, for appellant.

Robert M. Spire, Attorney General, and Sharon M. Lindgren for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Defendant appeals from his conviction in Lancaster County District Court for driving while under a lifetime license suspension, a Class IV felony. He was sentenced to not less than 20 months' nor more than 5 years' imprisonment and fined $10,000.

Defendant's driver's license was permanently revoked on February 15, 1985, following his plea of guilty to a charge of driving while intoxicated, third offense. On January 30, 1987, defendant was charged with operating a motor vehicle while under permanent revocation, a Class IV felony. On February 11 defendant was arraigned on that charge and entered a plea of not guilty.

Defendant filed a pretrial motion to dismiss the felony information in the district court on May 12, 1987. The motion alleged, in essence, that the previous sentence of permanent revocation (a necessary element for a conviction of the Class IV felony charge of driving while under permanent revocation) was void due to improper execution of sentence in the district court following an affirmance of the third-offense DWI conviction by this court on December 18, 1985. It was argued that the district court, as an intermediate appellate court, could not execute sentence on our mandate. Instead, defendant alleges, it was required that the county court must execute sentence following affirmance, since it was the original sentencing court on the third-offense DWI conviction.

On May 28, 1987, a hearing was held on defendant's motion. The district court overruled the motion to dismiss based on a finding that the attack on the third-offense DWI conviction and sentence was an improper collateral attack.

On June 11 a bench trial was held on the Class IV felony

charge. Defendant made several motions at trial, continuing to attack the validity of the third-offense DWI conviction and sentence of permanent revocation. All motions were overruled, and defendant, following trial, was found guilty of operating a motor vehicle while under permanent license revocation.

We should note at this point that defendant also filed a motion to set aside conviction on June 10 in the district court for Lancaster County before Judge William D. Blue, the judge who presided over the district court appeal on the third-offense DWI conviction. That postconviction attack was premised upon the argument set forth above. The motion to set aside conviction was denied. Blankenfeld appealed that district court order to this court in case No. 87-661. Our recent decision in that case, found in *State v. Blankenfeld,* 228 Neb. 611, 423 N.W.2d 479 (1988), is partially dispositive of some issues raised on this appeal and will be referred to later in this opinion.

Defendant's brief in this case assigns several errors, which can be summarized as follows: The district court erred in (1) ruling that defendant's motions to dismiss constituted an impermissible collateral attack on a prior conviction, and (2) ruling that the prior conviction for third-offense DWI was a final judgment at the time the mandate was issued from this court. Finally, defendant alleges that the district court erred in finding that Blankenfeld was not a fit and proper candidate for probation.

In addition to the assigned errors, this court noted at oral arguments that the record in the case revealed an additional issue that required attention. We noted a variance between the information in this case and the proof offered at trial. On April 27, 1988, this court entered an order setting the case for reargument on the following issues: "Is the variance between the information and proof fatal to the convictions? Alternatively, is the language which describes the specific violations which resulted in the permanent suspension mere surplusage?" Briefs were submitted by both parties, and reargument was heard on Monday, June 6, 1988.

We will first address the issues presented on reargument. The record reveals that the defendant was charged by information with "driving while under a lifetime suspension: 39-669.08 F

IV." Specifically, the information alleged that

> Jim D. Blankenfeld on or about the 25th day of December 1986 . . . did[,] being a person whose Nebraska driver's license has been permanently revoked pursuant to subdivision (c) of subsection 4 of Neb. Rev. Stat. Section Number 39-669.08, operate a motor vehicle on the street or highways of this state.

This court discovered a disparity between the allegation that Blankenfeld was a person whose license was permanently revoked pursuant to Neb. Rev. Stat. § 39-669.08(4)(c) (Reissue 1984) and the proof. The record submitted in this case, as well as this court's records relating to Blankenfeld's previous third-offense DWI appeal (case No. 85-520), establishes that the defendant's driver's license was permanently revoked pursuant to Neb. Rev. Stat. § 39-669.07(3) (Reissue 1984), in other words, for a third-offense DWI conviction.

Sections 39-669.07 and 39-669.08 contain similar and often identical language. Although § 39-669.07 relates to driving under the influence of alcohol and § 39-669.08 relates to refusal to submit to a preliminary breath test or a chemical test of one's blood, breath, or urine, both statutes provide identical provisions for conviction of a Class IV felony if a person is found to be operating a motor vehicle while under permanent revocation. (For the sake of clarity, we note at this point that both statutes, as of April 19, 1986, allow for a 15-year license revocation instead of the previous lifetime revocation.)

Section 39-669.07(3) provides in part: "Any person operating a motor vehicle on the highways or streets of this state while his or her operator's license has been *permanently revoked pursuant to this section* shall be guilty of a Class IV felony." (Emphasis supplied.) Section 39-669.08(4)(c) provides in part: "Any person operating a motor vehicle on the highways or streets of this state while his or her operator's *license has been permanently revoked pursuant to this section* shall be guilty of a Class IV felony." (Emphasis supplied.)

The relevant portions of the statutes referred to in the emphasized language above allow for a penalty of, inter alia, permanent revocation upon conviction of third-offense DWI or third-offense refusal to submit to a chemical test,

respectively.

We believe that the language in the information which describes the specific violation which resulted in Blankenfeld's permanent license revocation was mere surplusage. We have held that where the elements of a crime defined by statute are set out in an information or complaint, it is sufficient; and if words appear in such information or complaint which might be stricken, leaving a crime sufficiently charged, and such words do not tend to negative any of the essential averments, they may be treated as surplusage and be entirely rejected. *State v. Parks*, 212 Neb. 635, 324 N.W.2d 673 (1982).

If the words "pursuant to subdivision (c) of subsection 4 of Neb. Rev. Stat. Section Number 39-669.08" are stricken from the information, Blankenfeld was still sufficiently charged with the crime of "operat[ing] a motor vehicle on the street or highways of this state" while "being a person whose Nebraska driver's license has been permanently revoked." The stricken words are irrelevant to the essential elements of the crime charged which are (1) operating a motor vehicle (2) while one's driver's license is permanently revoked.

We note that the Supreme Court of Minnesota has reached a similar result in a case closely analogous to the case at bar. In *State v. Owens*, 268 Minn. 321, 129 N.W.2d 284 (1964), the court held, and cited several authorities in accord, that "where the specific acts constituting the offense with which the defendant is charged are set forth in the indictment with a sufficient degree of certainty to inform the defendant of the crime with which he is charged, the designation of the wrong statute is immaterial." *Id*. at 326, 129 N.W.2d at 287.

Thus, the court in *Owens* held that the incorrect citation of a statute in an information will be treated as mere surplusage, when raised for the first time on appeal, in the absence of prejudice to any substantial rights of the defendant.

Admittedly, the defendant in *Owens* pled guilty to the charge in the information, while in this case Blankenfeld was found guilty following a bench trial. However, it is clear from the record in this case that Blankenfeld and his counsel were well aware that his license had been revoked pursuant to a third-offense DWI conviction. The numerous motions to

dismiss and the attempted postconviction action were all intended to challenge that underlying conviction. The specific acts constituting the offense were set forth with sufficient certainty in the information to inform Blankenfeld of the charges he faced. The incorrect citation to the statute in this case is not fatal to the defendant's conviction.

In addressing the errors assigned by the defendant on appeal, we note that our prior decision in *State v. Blankenfeld,* 228 Neb. 611, 423 N.W.2d 479 (1988), disposes of the issue of the district court's ruling on the finality of the third-offense DWI judgment. In Blankenfeld's earlier case we held that the third-offense DWI judgment and sentence became final on January 8, 1986, the day we forwarded our mandate to the district court ordering execution of the sentence. The district court in this case was correct in ruling that Blankenfeld's prior third-offense DWI conviction became final upon issuance of the mandate by this court.

Defendant further alleges that the district court erred in ruling that the motions to dismiss the felony information based on an allegedly void third-offense DWI conviction were improper collateral attacks.

> To use a prior conviction as a basis for enhancement, the State need only show that the convicted defendant had, or waived, counsel at the time of such prior conviction. Other objections to the validity of such prior conviction constitute collateral attacks on that prior conviction and must be raised either by direct appeal from the prior conviction or in separate proceedings commenced expressly for the purpose of setting aside such prior conviction as an invalid judgment.

*State v. Davis,* 224 Neb. 518, 519-20, 398 N.W.2d 729, 730 (1987). See, also, *State v. Baxter,* 218 Neb. 414, 355 N.W.2d 514 (1984).

Defendant's attempts to challenge the validity of his prior third-offense DWI conviction and sentence were improper in the proceedings before the district court on the charge of driving on a permanently revoked license.

Finally, defendant argues that the district court erred in finding that the defendant was not a fit and proper candidate

for probation. The granting of probation as opposed to imposing a jail sentence is a matter which is left to the sound discretion of the trial court. *State v. Donnelson*, 225 Neb. 41, 402 N.W.2d 302 (1987).

Defendant has a substantial history of alcohol-related arrests and convictions involving automobiles. He has ignored prior suspensions of his license and was viewed by the sentencing judge as an obvious threat to society due to his inability to control his behavior when he drinks. Given our review of defendant's past criminal history, we find no abuse of discretion in the sentence imposed.

AFFIRMED.

WHITE, J., dissenting.

I cannot agree with the majority's resolution of the variance issue in this case.

The two statutes at issue, Neb. Rev. Stat. §§ 39-669.07 and 39-669.08 (Reissue 1984), relate to two separate and distinct offenses. See *State v. Stabler*, 209 Neb. 298, 306 N.W.2d 925 (1981). (Although this court in *Stabler* dealt with these statutes as they appeared in the reissue of 1978, prior to major legislative revisions in 1982, the premise that these statutes "create separate and distinct offenses" is equally applicable today.) Clearly, § 39-669.07 relates to the crime and penalties for driving under the influence of alcoholic liquor or drugs. On the other hand, § 39-669.08, the implied consent statute, relates to the crime and penalties for refusal to submit either to a preliminary breath test or a chemical test of one's blood, breath, or urine.

The fact that these statutes both provide for conviction of a Class IV felony upon a finding that one has operated a motor vehicle while under permanent revocation does not alter this court's conclusion in *Stabler* that each statute proscribes very specific and different behaviors.

This court has often held that in order to charge a statutory offense, the information or complaint must contain a distinct allegation of each essential element of the crime *as defined by the law creating it*, either in the language of the statute or its equivalent. *State v. Golgert*, 223 Neb. 950, 395 N.W.2d 520 (1986); *State v. Banse*, 184 Neb. 534, 169 N.W.2d 294 (1969).

The law creating the statutory offense with which Blankenfeld was charged defines the essential elements as (1) "operating a motor vehicle" (2) "while his . . . license has been permanently revoked pursuant to this section," i.e., subdivision (c) of subsection (4) of § 39-669.08. On its face the information filed against Blankenfeld was sufficient to charge a statutory offense. The error in this case arose at trial, where the State introduced evidence of defendant's prior third-offense DWI conviction in an attempt to prove, in the words of the information, that he was "a person whose Nebraska driver's license has been permanently revoked pursuant to subdivision (c) of subsection 4 of <u>Neb. Rev. Stat.</u> Section Number 39-669.08 . . . ." That evidence did not prove the second essential element of the offense charged; it proved only that defendant's license had been permanently revoked pursuant to § 39-669.07(3).

It is a fundamental principle of statutory construction that a penal statute is to be strictly construed. *State v. Douglas*, 222 Neb. 833, 388 N.W.2d 801 (1986); *State v. Steele*, 224 Neb. 476, 399 N.W.2d 267 (1987). It is the province of the Legislature rather than the courts to define criminal behavior. *State v. Douglas, supra; United States v. Speidel*, 562 F.2d 1129 (8th Cir. 1977).

It is not for this court to supply missing words or sentences to make clear that which is indefinite in a statute. See *State v. Steele, supra*. Nor is it the province of this court to turn a blind eye to explicit statutory language which defines a crime in order to shroud an obvious error made by the State when it charged Blankenfeld in this case. Courts have no jurisdiction to change the language of a statute. *State v. Levell*, 181 Neb. 401, 149 N.W.2d 46 (1967).

It is a settled rule that the evidence in a criminal case must correspond with the allegations of the indictment (or information) which are essential and material to charge the offense. 41 Am. Jur. 2d *Indictments and Informations* § 261 (1968).

It is also true that this court has held that a variance between the allegations in the information and the evidence offered in proof thereof is not fatal unless it is material to the merits of the

case or such is prejudicial to the defendant. *State v. Nelson*, 182 Neb. 31, 152 N.W.2d 10 (1967).

The above-stated rule does not, however, save the conviction in this case. First, this is not a case of mere variance, but is a failure to prove an averment, proof of which is essential to a valid conviction. *The People v. Lewis*, 140 Ill. App. 493 (1908), cited in *State v. Temple*, 262 S.W.2d 304 (Mo. App. 1953). Second, failure to prove an essential element of the crime charged is certainly "material to the merits" of a case.

Finally, we must consider the principles set forth by the U.S. Supreme Court in *Ex Parte Bain*, 121 U.S. 1, 7 S. Ct. 781, 30 L. Ed. 849 (1887), and *Stirone v. United States*, 361 U.S. 212, 80 S. Ct. 270, 4 L. Ed. 2d 252 (1960). *Bain* stands for the rule that "a court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States, supra* at 217. In *Stirone* the Court stated that "[d]eprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error. Compare *Berger v. United States*, 295 U. S. 78." 361 U.S. at 217-18.

*Bain* and *Stirone* are cases addressing grand jury indictments, not informations. The fifth amendment right to be tried upon indictment by a grand jury has never been extended to the states. However, the underlying basis for the principles announced in *Bain* and *Stirone* seems equally applicable if considered in light of the following observation regarding the variance rule:

> The Supreme Court has recognized . . . that if there is no amendment of the indictment, but only a variance between the facts alleged in the indictment and the evidence offered at trial, *the problem is not one of usurping the constitutionally guaranteed role of the grand jury* [emphasis supplied], but one of promoting the fairness of the trial and ensuring the defendant notice and an opportunity to be heard. [Citations omitted.] The variance rule, to the extent that it is constitutionally required, is more of a due process rule than is the flat fifth amendment prohibition against being tried on an indictment which a grand jury never returned.

*United States v. Crocker*, 568 F.2d 1049, 1059 (3d Cir. 1977).

With or without an extended discussion of the fine points of the law of variance, I believe a much more rudimentary principle is involved in this case. It is elementary that a person cannot be charged with one specific crime and then convicted on evidence of another separate and distinct crime. "Under an indictment [or information] charging a particular offense, a conviction cannot be had on evidence of another and distinct offense, even though the offenses are closely related and of the same general nature or character and punishable by the same grade of punishment." 42 C.J.S. *Indictments and Informations* § 261 at 1285-86 (1944). See, also, *State v. Voracek*, 353 N.W.2d 219 (Minn. App. 1984); *State v. Richardson*, 343 S.W.2d 51 (Mo. 1961); *State v. Temple, supra.*

Clearly, the crime charged in this case was not the crime that the defendant was convicted of after the bench trial in district court. The trial judge, as the trier of fact, specifically found that "Mr. Blankenfeld was operating a motor vehicle [and] at the time he was operating that vehicle . . . his driver's license had been permanently revoked pursuant to Section 39-669.08 and the court makes these findings beyond a reasonable doubt."

Generally, where a judge serves as the trier of fact in a criminal case, the factual findings will not be disturbed on appeal unless clearly wrong. *State v. Laue*, 225 Neb. 57, 402 N.W.2d 313 (1987). In this case, the trial judge's finding of fact that Blankenfeld's license had been permanently revoked pursuant to § 39-669.08 is clearly wrong.

SHANAHAN, J., joins in this dissent.

CAPORALE, J., concurring.

I find much of merit in my learned brother White's dissenting opinion. However, in my view, its reasoning is inapplicable because it attaches no significance to the unique circumstance under which the case at hand arises. Notwithstanding the mistaken reference in the information to the statute concerning a refusal to submit to testing, Neb. Rev. Stat. § 39-669.08 (Reissue 1984), it is clear that everyone at the trial court level—prosecution, defense, and judge—read the information as if it referred to the statute concerning the admittedly separate

and distinct offense of driving while under the influence of alcohol or other drugs, Neb. Rev. Stat. § 39-669.07 (Reissue 1984).

While I certainly agree that it is not the office of this court "to shroud an obvious error made by the State," indeed this court has a positive duty to do otherwise, the unique posture of this case renders the State's error harmless beyond a reasonable doubt. The defendant, Jim D. Blankenfeld, was actually tried on the basis that his license to operate a motor vehicle had been permanently revoked under the then-existing law because he persisted in driving while drunk. Absolutely no one, least of all Blankenfeld, was misled into thinking anything other than that. In that unique setting I have no difficulty in saying that this court should review the matter on the theory on which it was tried, as it does civil cases. *Union Pacific RR. Co. v. Kaiser Ag. Chem. Co., ante* p. 160, 425 N.W.2d 872 (1988); *Donahoo v. Nebraska Liquor Control Comm., ante* p. 197, 426 N.W.2d 250 (1988); *Kearney Clinic Bldg. Corp. v. Weaver,* 211 Neb. 499, 319 N.W.2d 95 (1982). I therefore concur in the result reached by the majority.

FAHRNBRUCH, J., joins in this concurrence.