1999 SD 161

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Arlo R. KOERNER, Defendant and Appellee.**

**Nos. 20980, 21002.**

Supreme Court of South Dakota.

Argued Nov. 30, 1999.

Decided Dec. 29, 1999.

Mark Barnett, Attorney General, Paul Cremer, Assistant Attorney General, Pierre, South Dakota, Attorneys for plaintiff and appellant.

Kenneth D. Bertsch of Bertsch Law Office Menno, South Dakota, Attorney for defendant and appellee.

KONENKAMP, Justice.

[¶ 1.] In this intermediate appeal we review a magistrate judge's interpretation of certain statutes governing cremation and disposal of human remains. We affirm in part and reverse in part.

### Background

[¶ 2.] Arlo R. Koerner and his wife, Angela L. Koerner, lived with their children on a farm in rural Hutchinson County, South Dakota, about nine miles from Freeman. In September 1998, someone in Angela's extended family reported her missing. As part of their investigation, law enforcement officers obtained a search warrant to look for her at the Koerner farmstead. When the officers arrived on September 23, they made a forced entry because no one would come out of the house. Koerner and the children were found hiding in the attic. The children were taken to town to meet with workers for the Department of Social Services. Koerner went with the officers to the Sheriff's department where, after receiving his Miranda warnings, he agreed to give a statement.

[¶ 3.] The sheriff's report filed in magistrate court recounts Koerner's narrative. Angela had been terminally ill with cancer. She was taking over-the-counter medications without success. On February 3, 1998, Koerner returned home from a trip to Sioux Falls. Angela was not "doing well at all." Koerner went about his work. When he returned to her bedside later in the day, he found her dead. Deciding that her body was "contaminated," he and his teenage son rolled Angela up in her bed sheet and carried her outside to be cremated. They placed her in a fifty-five gallon drum. Koerner used a propane torch mounted at the bottom of the drum to burn the body. The process took hours. Later, Koerner and his son spread her ashes down a gravel road.

[¶ 4.] Despite the undertones this situation evokes, no one suggests that Angela's death came from anything other than natural causes. Koerner was initially charged by complaint with two counts: (1) failure to obtain a permit to dispose of body, and (2) failure to furnish information of death to authorities. An amended complaint added two more counts: (3) performing a cremation without a license, and (4) failure to file necessary information with the registrar of deeds before spreading cremated remains. Koerner moved to dismiss counts three and four and to strike references to noncriminal statutes in counts one and two. The magistrate judge dismissed count four, but denied the other motions. We granted the State's petition for intermediate appeal and Koerner filed a notice of review. The question is did the magistrate rule correctly on the defendant's motions. These issues are purely matters of statutory construction which we review de novo as legal questions. *City of Sioux Falls v. Ewoldt*, 1997 SD 106, ¶ 12, 568 N.W.2d 764, 766.

1. SDCL 34–25–21 provides:

If a death occurs without the attendance of a licensed physician, the person in charge of the body shall notify the county coroner and sheriff of such death. Upon notification, the county coroner shall complete the medical certificate from the statement of relatives or other persons having adequate knowledge of the facts. The coroner shall complete the medical certificate within seventy-two hours of the death, unless an autopsy or investigation is pending, in which case the pending autopsy or investigation shall be noted on the medical certificate. In the absence of a coroner or deputy coroner, or if the coroner is unable to act, and only in such case, the register of deeds shall prepare the death certificate from the statement of relatives or other person having knowledge of the facts.

2. SDCL 34–25–24 states as follows:

No body of any person whose death occurs in this state or which is found in this state or of a fetus weighing five hundred grams or more may be interred, deposited in a vault or tomb, cremated, or otherwise disposed of, or removed from the state unless, prior to the disposition, a permit for burial, removal, or other disposition is obtained from the regis-

## Analysis and Decision

### 1. Striking Noncriminal Statutes in Complaint

[¶ 5.] Koerner moved that references to SDCL 34–25–21[1] and SDCL 34–24–24[2] in count one and to SDCL 34–25–21 in count two be stricken as they do not describe criminal acts. The magistrate denied his motion. SDCL 34–25–24 requires a permit to dispose of a dead body for burial or removal, and SDCL 34–25–21 requires notice to the county sheriff and coroner of a death when no attending physician is present at the time of death. These statutes have been expressly excepted from criminal status by SDCL 22–6–2.[3] Therefore, we must conclude from a plain reading of their language, that they declare no criminal sanctions.

[¶ 6.] Koerner requests that if these statutes are not criminal they be stricken from counts one and two. Surplusage in a charging document is defined as any facts or words which may be stricken without affecting the adequacy of the

trar of the registration district in which the death, or fetal death occurred or the body was found.

3. SDCL 22–6–2 states in part:

Except as otherwise provided by law, misdemeanors are divided into two classes which are distinguished from each other by the following maximum penalties which are authorized upon conviction:
(1) Class 1 misdemeanor: one year imprisonment in a county jail or one thousand dollars fine, or both;
(2) Class 2 misdemeanor: thirty days imprisonment in a county jail or two hundred dollars fine, or both.
. . . .
Except in cases where punishment is prescribed by law, every offense declared to be a misdemeanor and not otherwise classified, is a Class 2 misdemeanor.
Except in Titles 1 to 20, inclusive, 22, 25 to 28, inclusive, 32 to 36, inclusive, 40 to 42, inclusive, 47 to 54, inclusive, and 58 to 62, inclusive, if the performance of an act is prohibited by a statute, and no penalty for the violation of such statute is imposed by a statute, the doing of such act is a Class 2 misdemeanor.

pleading. *State v. Blankenfeld,* 229 Neb. 411, 427 N.W.2d 65, 68 (1988), *habeas conditionally granted sub nom, Blankenfeld v. Clarke,* 753 F.Supp. 1498 (D.Neb.1990); *State v. Hefta,* 88 N.W.2d 626, 629 (N.D. 1958). Here, striking the requested statutes would leave in place SDCL 34–25–57(1) in count one, and SDCL 34–25–57(2) in count two, both of which are adequate to charge a criminal offense.[4] Yet Koerner has not shown that he will be prejudiced by the inclusion of the noncriminal statutes. *See Abramson v. United States,* 326 F.2d 565, 567 (5thCir.1964) (error in or the omission of a citation is not grounds for dismissing the information or indictment if the error or omission does not prejudicially mislead the defendant). Surplus language will not make an indictment or information defective that, without the excess, definitely and certainly alleges sufficient matter to legally charge the defendant with an offense. *State v. Nelson,* 310 N.W.2d 777, 781 (S.D.1981) (Fosheim, J., dissenting) (citing *State v. McDonald,* 16 S.D. 78, 91 N.W. 447, 447–48 (1902)). A motion to strike surplusage is left to the discretion of the trial court, and is to be granted only when the allegations clearly "are not relevant to the charge made or contain inflammatory and prejudicial matter." *United States v. Brighton Bldg. & Maintenance Co.,* 435 F.Supp. 222, 231 (N.D.Ill.1977) (quoting *Dranow v. United States,* 307 F.2d 545, 558 (8thCir.1962)). We agree with the magistrate judge that the noncriminal statutes cited in counts one and two clarify and give meaning to the precise violations alleged. Thus, they are neither irrelevant nor prejudicial.

### 2. Counts Charging Noncriminal Acts

[¶ 7.] Count three charges Koerner with violating SDCL 34–26A–5 and 22–6–2. SDCL 34–26A–5 provides that "[n]o person may cremate any human remains, except in a crematory licensed for this express purpose and under the limitations provided in this chapter." In denying Koerner's motion to dismiss, the magistrate ruled that SDCL 34–26A–5 "clearly prohibits conduct," and concluded that "an absurd and unreasonable result is inescapable" if a violation does not constitute a Class II misdemeanor. Koerner's motion to dismiss Count 3 was therefore denied.[5]

[¶ 8.] SDCL 23A–8–2 governs the dismissal of indictments and informations:

Upon motion of a defendant ... the court must dismiss an indictment or information in any of the following cases:

(1) When it is not found, endorsed, and presented or filed as prescribed by this title;

(2) When the names of the witnesses are not inserted at the foot of the indictment or information or endorsed thereon;

(3) When it does not substantially conform to the requirements of this title;

(4) When more than one offense is charged in a single count;

(5) When it does not describe a public offense;

(6) When it contains matter which, if true, would constitute a legal justifica-

---

4. SDCL 34–25–57 provides:
   Any person, officer, agent, or employee of any other person or of any corporation or partnership who shall:
   (1) Inter, cremate, or otherwise finally dispose of a dead body of a human being or permit the same to be done or shall remove said body from the state without authority of a burial or removal permit;
   (2) Refuse or fail to furnish correctly any information in his possession or shall furnish false information affecting any certificate or record required by this chapter;
   . . . .

is guilty of a Class 2 misdemeanor.

5. In oral argument before this Court the Assistant Attorney General commendably acknowledged that although his initial research seemed to justify the charges in counts three and four, on further reflection, and upon consideration of his prosecutorial ethics, he announced that the State could no longer take its previous position. Accordingly, the State agreed that the magistrate erred in not dismissing count three and was correct in dismissing count four.

tion or excuse of the offense charged, or other bar to the prosecution;

(7) When the grand jury which filed the indictment had no legal authority to inquire into the offense charged because it was not within the jurisdiction of the grand jury or because the court was without jurisdiction of the offense charged;

(8) When a person was permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration, except as provided in § 23A–5–11; or

(9) When a defendant charged by information did not have or waive a preliminary hearing before the information was filed.

These grounds for dismissal are "exclusive." *State v. Springer–Ertl,* 1997 SD 128, ¶ 7, 570 N.W.2d 39, 40–41 (citations omitted). If a violation of SDCL 34–26A–5 is not a crime, then the magistrate erred in not dismissing count three. SDCL 23A–8–2(5).

[¶ 9.] SDCL 34–26A–5 is decriminalized by the specific language of SDCL 22–6–2. And there is no language within SDCL 34–26A–5 specifically making its violation a criminal act. "[W]hen the language of a statute is clear, certain and unambiguous there is no need of statutory construction and the only function of the court is to declare the meaning of the statute as expressed." *Sioux Falls Sch. Dist. v. South Dakota Subsequent Injury Fund,* 504 N.W.2d 107, 110 (S.D.1993) (citations omitted). We cannot pose as legislators to amend a statute to read what it plainly does not say. *State v. Fryer,* 496 N.W.2d 54, 55 (S.D.1993). The Legislature could easily have made the statute criminal, as it did with several other statutes in Chapter 34–26A. *See* SDCL 34–26A–35; SDCL 34–26A–36. Yet it did not do so. We determine that SDCL 34–26A–5 does not proscribe criminal activity and reverse the magistrate's determination on count three.

[¶ 10.] Count four alleges that Koerner failed to file the necessary information with the registrar of deeds before scattering cremated remains. As the statutory basis for the charge the amended complaint cited a violation of SDCL §§ 34–26A–27, 22–6–2, and 34–26A–2. SDCL 34–26A–27 states in relevant part:

Any person who scatters human remains, pursuant to this section, shall file with the local registrar of births and deaths, in the county nearest the point where the cremated remains are to be scattered, a verified statement containing the name of the deceased person, the time and place of death, the place at which the cremated remains are to be scattered, and any other information that the local registrar of births and deaths may require. If cremated remains are to be scattered pursuant to this section, the crematory authority may not release the cremated remains to the authorizing agent before thirty days after the date of the cremation and until the crematory authority has been provided with a receipt indicating that the proper filing has been made with the local registrar of births and deaths.

SDCL 34–26A–2 defines an "authorizing agent" as "any person according to the priority established in § 34–26–16 [person with duty of burial] legally entitled to order the cremation of human remains including a spouse, a parent, a child, or a close relative of the deceased, or in the absence of any of these, a friend of the deceased." Finally, as noted above, SDCL 22–6–2 sets out misdemeanor classes and penalties.

[¶ 11.] The magistrate determined that SDCL 34–26A–27 does not declare its violation a crime. Although Koerner clearly disobeyed the statute by scattering the ashes and failing to file the required verified statement, the Legislature has not made these acts and omissions criminal. By the language of SDCL 22–6–2, the Legislature excluded SDCL 34–26A–27, as

well as 34–26A–2, from the titles declared misdemeanors. There is also no expression in either 34–26A–27 or 34–26A–2 excluding them from the general exception by specifically making the failure to file a criminal act. The magistrate judge correctly dismissed count four because SDCL 34–26A–27 does not proscribe criminal activity.

[¶ 12.] Affirmed in part and reversed in part.

[¶ 13.] MILLER, Chief Justice, and SABERS, AMUNDSON and GILBERTSON, Justices, concur.

