275 Neb. 205
STATE OF NEBRASKA, APPELLEE,
v.
MICHAEL W. LOYD, APPELLANT.
No. S-06-1113.
Supreme Court of Nebraska.
Filed March 7, 2008.
David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellant.
Jon Bruning, Attorney General, and James D. Smith for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
McCORMACK, J.

NATURE OF CASE
Michael W. Loyd appeals from the county court's denial of his motion for absolute discharge on statute of limitations grounds. Loyd asserts the complaint filed against him was not filed within the 18-month statute of limitations set forth in Neb. Rev. Stat. § 29-110(1) (Reissue 1995). The county court denied Loyd's motion, and the district court affirmed.

BACKGROUND
On June 18, 2001, Loyd was arrested and cited for driving under the influence of alcoholic liquor (DUI). On June 29, Loyd was charged in county court with second-offense DUI under Omaha Mun. Code, ch. 36, art. III, § 36-115 (1998). Loyd moved to quash the complaint, arguing that the penalty provisions of the ordinance is inconsistent with Neb. Rev. Stat. § 60-6,196 (Cum. Supp. 2000). On August 16, 2001, the county court granted Loyd's motion to quash. The State filed an exception, and on January 24, 2003, we issued an opinion wherein we agreed that the provisions were inconsistent and overruled the State's exception.[1]
On March 18, 2003, Loyd was charged by complaint in the county court with second offense DUI in violation of § 60-6,196(2). Loyd filed a motion for absolute discharge, asserting that the complaint had not been filed within the 18-month statute of limitations set forth in § 29-110(1). Loyd also filed a supplemental motion to discharge based upon his federal and state constitutional rights to a speedy trial. On May 22, the county court denied Loyd's motion to discharge, and on December 4, the court denied Loyd's supplemental motion to discharge. Loyd appealed to the district court from both orders. The district court found no violation of Loyd's rights to a speedy trial, and, without discussing Loyd's statute of limitations argument, the district court affirmed the decision of the county court. Loyd then appealed to this court, and we affirmed.[2]
In State v. Loyd,[3] we pointed out that a motion to discharge is generally not the means by which a statute of limitations defense is raised in a criminal proceeding. We determined, however, that Loyd's motion to discharge was in substance a motion to quash, and we treated it as such. We further determined, however, that an order overruling a motion to quash raising a statute of limitations defense is not a final, appealable order. In addition, although the county court's order overruling Loyd's supplemental motion to discharge on speedy trial grounds was a final, appealable order, we determined it did not confer jurisdiction upon the Supreme Court to consider Loyd's statute of limitations arguments. Accordingly, we did not address those arguments. With regard to Loyd's speedy trial argument, we determined that because the delay relied upon by Loyd for his speedy trial argument occurred before he was charged, Loyd's constitutional right to a speedy trial had not been implicated and that, therefore, his speedy trial argument was without merit.
Thereafter, Loyd was tried in the county court. On August 4, 2005, Loyd was found guilty of second-offense DUI. Loyd appealed to the district court the county court's finding that he was guilty of second-offense DUI and the county court's May 22, 2003, denial of his motion for absolute discharge. Loyd alleged that the March 18, 2003, complaint should have been dismissed because it was not filed within 18 months after the alleged criminal act took place. The district court affirmed the decision of the county court. Loyd now appeals to this court.

ASSIGNMENT OF ERROR
Loyd asserts that the district court erred in failing to find that the March 18, 2003, complaint should be dismissed because it was not filed within 18 months after Loyd committed the alleged criminal act.

STANDARD OF REVIEW
Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below.[4]

ANALYSIS
The question before us in the present appeal is whether the March 18, 2003, complaint was timely filed. At the time, § 29-110(1) provided that no person shall "be prosecuted, tried, or punished for any misdemeanor or other indictable offense below the grade of felony . . . unless the indictment, information, or action for the same shall be found or instituted within one year and six months from the time of committing the offense." Section 29-110(1) further provided, however, that any indictment, information, or suit is quashed . . . the time during the pendency of such indictment, information, or suit so quashed . . . shall not be reckoned within this statute so as to bar any new indictment, information, or suit for the same offense."
Loyd was arrested for DUI on June 18, 2001. Based on that incident, a complaint was filed on June 29, charging Loyd with a violation of Omaha Mun. Code, ch. 36, art. III, § 36-115. That complaint was quashed by order of the county court on August 16, and, on appeal, we overruled the State's exception to the court's orders.[5] The State then filed the March 18, 2003, complaint. This complaint is also based on Loyd's June 18, 2001, arrest, but charges Loyd with violation of § 60-6,196(2). Because this complaint was filed more than 18 months after Loyd's June 18 arrest, it is untimely unless the tolling provision under § 29-110(1) applied.
In order for the tolling provision under § 29-110(1) to apply, the subsequent indictment, information, or suit must charge the "same offense" as the prior indictment, information, or suit. The applicability of § 29-110(1) in the present case depends in part on whether "offense" constitutes the conduct of the defendant or the charge itself. We have not previously considered the definition of "offense" for purposes of § 29-110, and it has not been defined by the Legislature in this context.
In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning.[6] In State v. Stabler,[7] a defendant was first convicted of refusing to submit to a chemical test and was then convicted of DUI based on the same conduct. The defendant appealed, arguing that the Double Jeopardy Clause barred his subsequent DUI conviction. This court affirmed the defendant's convictions, concluding the convictions did not constitute the same offense because they required different elements of proof. We explained that "[i]n determining whether two charges constitute the same offense, the test to be applied is whether each charge requires proof of different facts."[8] We further explained that
"a distinction exists between an offense and the unlawful act out of which it arises, it being possible that two or more distinct offenses may grow out of the same transaction or act; and the rule that a person cannot be twice put in jeopardy for the same offense has no application where two separate and distinct crimes are committed by one and the same act, because the constitutional inhibition is directed to the identity of the offense and not to the act. . . ."[9]
A review of §§ 36-115 and 60-6,196 reveals that they create the same offense. At the time of Loyd's citation, a DUI conviction under § 36-115 required proof that the defendant operated or was in actual physical control of a motor vehicle while (1) under the influence of alcoholic liquor or any drug, (2) having a concentration of .10 of 1 gram or more by weight of alcohol per 100 milliliters of blood, or (3) having a concentration of.10 of 1 gram or more by weight of alcohol per 210 liters of breath. These were the same elements of the crime of DUI under § 60-6,196. Accordingly, we conclude that the March 18, 2003, complaint filed against Loyd charging him with violating § 60-6,196 charged the same offense as the June 29, 2001, complaint filed against him asserting a violation of § 36-115.
Having determined that §§ 36-115 and 60-6,196 charged the same offense, we now turn to Loyd's argument on appeal. Loyd asserts that "pendency" under § 29-110 includes only that time the complaint was before the county court, or from June 29 through August 16, 2001, a total of 48 days. He maintains that "pendency" does not include the time period in which the State appealed to the district court and to this court the county court's order granting Loyd's motion to quash. As pointed out by the district court, under Loyd's logic, the statute of limitations to file a complaint against Loyd was extended from December 18, 2002, by 48 days, or until February 4, 2003. The district court actually states "February 3, 2003." However, counting 48 days forward from December 18, 2002, results in February 4, 2003. Because the second complaint was not filed until March 18, 2003, Loyd argues the complaint is barred by the statute of limitations.
In the context of a condemnation case, we have analyzed the word "pending." We have stated that when an appeal is taken from the district court to the Supreme Court, "pending" means the time period from the lawsuit's inception until the final judgment.[10] In Pieper v. City of Scottsbluff,[11] we discussed in part Neb. Rev. Stat. § 76-720 (Cum. Supp. 1963), which addresses appeals by a condemnee from an award of an appraiser in an eminent domain action. In 1963, Neb. Rev. Stat. § 76-720.01 (Cum. Supp. 1963) was added and reads that "[t]he provisions of section 76-720 shall apply to any case now or hereafter pending an appeal from the award of the appraisers as provided in section 76-710." On appeal, the City of Scottsbluff argued that the amendments to § 76-710 applied only to an appeal from the award of an appraiser made in the county court to the district court and not when an appeal is taken from the district court to the Nebraska Supreme Court. Rejecting the city's argument, this court explained:
The word "pending" means: "Begun, but not yet completed; unsettled; undetermined; in process of settlement or adjustment. Thus, an action or suit is `pending' from its inception until the rendition of final judgment." Black's Law Dictionary (3d ed.), p. 1345. See, also, Wentworth v. Town of Farmington, 48 N.H. 207 [(1868)]; Mauney v. Pemberton, 75 N.C. 219 [1876)]; Ex parte Munford, 57 Mo. 603 [(1874)]; Cain v. French, 29 Cal. App. 725, 156 P. 518 [(1916)]. Therefore, the act applies when an appeal is taken from the district court to this court.[12]
We conclude that Loyd's case remained pending while on appeal to the district court and this court. The statute of limitations under § 29-110(1) was tolled during that period, and the March 18, 2003, complaint was timely filed.

CONCLUSION
For the reasons discussed above, we affirm.
AFFIRMED.
NOTES
[1] See State v. Loyd, 265 Neb. 232, 655 N.W.2d 703 (2003).
[2] See State v. Loyd, 269 Neb. 762, 696 N.W.2d 860 (2005).
[3] Id.
[4] State v. Gozzola, 273 Neb. 309, 729 N.W.2d 87 (2007).
[5] See Loyd, supra note 1.
[6] State v. Prater, 268 Neb. 655, 686 N.W.2d 896 (2004).
[7] State v. Stabler, 209 Neb. 298, 306 N.W.2d 925 (1981).
[8] Id. at 300, 306 N.W.2d at 926.
[9] Id. at 301, 306 N.W.2d at 926.
[10] See Pieper v. City of Scottsbluff, 176 Neb. 561, 126 N.W.2d 865 (1964).
[11] Id.
[12] Id. at 588-89, 126 N.W.2d at 880.