STATE OF NEBRASKA, APPELLEE, V. JOHN B. MAYFIELD, APPELLANT.

325 N.W.2d 162

Filed October 22, 1982.   No. 82-156.

Michael T. Rudd and Stephen A. Brunette, for appellant.

Paul L. Douglas, Attorney General, and Linda L. Willard, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This is an appeal from an order of the District Court for Douglas County under the provisions of Neb. Rev. Stat. §§ 29-3701 et seq. (Cum. Supp. 1982) finding the defendant mentally ill and dangerous to others by reason of his mental illness and ordering him committed.   The defendant has appealed.

On August 17, 1976, the defendant was charged with first degree sexual assault and pleaded guilty to the charge.   The guilty plea was withdrawn and the defendant was found incompetent to stand trial and sent to the Lincoln Regional Center for psychiatric and medical care and treatment and periodic evaluation of his competency until he became competent to stand trial.

On March 10, 1977, the defendant was transferred from the Lincoln Regional Center to the Douglas County Hospital at the request of the court.   On

April 8, 1977, the defendant entered a plea of guilty to a charge of sexual assault in the second degree and was sentenced to 8 months' probation.

On May 18, 1977, the defendant was charged with first degree sexual assault, robbery, and auto theft in Douglas County. The defendant was tried on October 3, 1977, and was found not guilty by reason of insanity and ordered to the Douglas County Hospital. The finding of not guilty by reason of insanity was certified to the Douglas County Board of Mental Health for commitment proceedings. The board found the defendant to be suffering from mental illness and committed him to the Douglas County Hospital on October 31, 1977. Defendant was transferred to the Lincoln Regional Center on November 15, 1977, for care and treatment.

Pursuant to § 29-3705 the District Court for Douglas County asserted jurisdiction over the defendant in July 1981 for the purpose of conducting an evidentiary hearing on the status of the defendant. At the hearing held on January 7, 1982, the psychiatrist in charge of patient care in the unit in which the defendant had been confined testified that because of defendant's schizophrenia, paranoid type, his lack of insight and judgment, and his denial of responsibility for his acts, the defendant continued to be dangerous to others. The psychiatrist also testified that at one time the defendant had been placed in a less restrictive ward, but because of a fight with another patient he had been returned to the more restrictive ward, and that on one occasion staff members had found medication hidden on the defendant's person. The supervision and care recommended by this psychiatrist was ordered by the court. A psychiatrist who testified on behalf of the defendant felt that the symptoms which could lead the defendant to be dangerous were in remission and that the defendant's condition was sufficiently improved so that a less restrictive environment, such as the comprehensive

care unit of the regional center, could be utilized over a period of 6 to 24 months. The psychiatrist for the defendant relied to some extent upon the reports of a staff psychologist which were made before the incidents testified to by the chief of patient care.

Following the evidentiary hearing the District Court found there was "clear and convincing" evidence that the defendant was then mentally ill and dangerous to others by reason of his mental illness and that the defendant would be dangerous to others in the foreseeable future as demonstrated by the overt acts of the sexual assault with physical injury to the victim on August 14, 1976, and the sexual assault and robbery of May 18, 1977.

The court ordered the defendant committed for treatment and returned to the Lincoln Regional Center to be confined to the security service unit and placed in the least restrictive ward of the unit which, in the judgment of the staff, was consistent with the defendant's safety and that of other patients. The court also ordered that the defendant be administered appropriate medication in a form and manner which would assure its consumption by the defendant, and ordered that defendant be allowed to leave the locked facility of the security service unit only under the direct supervision of the staff for necessary medical appointments and treatment. The court also ordered that the next annual review and evidentiary hearing provided for by § 29-3703 be set for January 5, 1983. The defendant has appealed.

On this appeal the defendant apparently takes the position that where there is any disagreement between expert medical witnesses, the evidence cannot be said to be "clear and convincing." We disagree.

Although the expert testimony was, in some respects, contradictory, it was for the District Court, as the finder of fact, to determine the amount of weight to be given to the testimony of each of the ex-

pert witnesses. Triers of fact are not required to take the opinions of experts as binding upon them. *Erving v. Tri-Con Industries,* 210 Neb. 339, 314 N.W.2d 253 (1982); *Swartz v. Hess, Inc.,* 188 Neb. 542, 198 N.W.2d 64 (1972).

The rule in regard to the "clear and convincing" standard in civil mental hearings has been established. This court will not interfere on appeal with a final order made by the District Court in a mental health commitment proceeding unless the court can say as a matter of law that the order is not supported by clear and convincing proof. *Hill v. County Board of Mental Health,* 203 Neb. 610, 279 N.W.2d 838 (1979). As a matter of law it cannot be said in the present case that the order of the District Court was not supported by clear and convincing proof.

The remaining assignments of error are without merit. The order of the District Court is affirmed.

AFFIRMED.

McCOWN, J., participating on briefs.