STATE OF NEBRASKA, APPELLEE, V. ERWIN CHARLES
SIMANTS, APPELLANT.

330 N.W.2d 910

Filed March 4, 1983. No. 82-093.

P. Stephen Potter of Bacon & Potter, for appellant.

Paul L. Douglas, Attorney General, and Martel J. Bundy, for appellee.

Daniel J. Popeo, Paul D. Kamenar, and Nicholas E. Calio, for amicus curiae Washington Legal Foundation.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

McCOWN, J.

This is an appeal from an order of the District Court following a hearing mandated under the provisions of Neb. Rev. Stat. §§ 29-3701 et seq. (Cum. Supp. 1982). The District Court found the defendant presently mentally ill and dangerous to others by reason of his mental illness and ordered his commit-

ment to the Lincoln Regional Center. The defendant has appealed.

On October 17, 1979, after trial, the defendant was adjudged not guilty by reason of insanity on six counts of murder in the first degree. On October 26, 1979, the defendant was committed by the Lincoln County Mental Health Board to the Lincoln Regional Center for care and treatment.

On July 8, 1981, pursuant to § 29-3705 the District Court for Lincoln County asserted jurisdiction over the defendant for the purpose of conducting an evidentiary hearing on the status of the defendant. On November 25, 1981, following an evidentiary hearing, the District Court found there was "clear and convincing" evidence that the defendant was then mentally ill and dangerous to others and that the defendant would be dangerous to others in the foreseeable future as demonstrated by the overt acts involved in the six murders committed on October 18, 1975.

The court ordered the defendant committed for treatment and returned to the Lincoln Regional Center. The court also ordered that the defendant receive appropriate psychiatric treatment for the mental illnesses of personality disorder (mixed type), drug and alcohol abuse, and pedophilia. The court ordered the defendant confined in the security unit and specified other conditions of confinement as required by statute. The court also ordered that the next annual review and evidentiary hearing provided for by § 29-3703 be set for November 23, 1982. The defendant has appealed.

On this appeal the defendant contends that the statutes under which he was committed are unconstitutional and in violation of his rights of equal protection because persons facing mental commitment under the provisions of §§ 29-3701 et seq. after a verdict of acquittal on grounds of insanity are treated differently than persons facing mental commitment under the Nebraska Mental Health Commitment

Act, Neb. Rev. Stat. §§ 83-1001 et seq. (Reissue 1981).

Even assuming that the two classifications of persons are similarly situated for purposes of constitutional equal protection, a mere difference in treatment between the two classes, standing alone, does not invalidate the statutes nor render them constitutionally defective. Equal protection does not require that all persons be treated identically. It only requires that a distinction drawn by the Legislature between individuals has some relevance to the purpose for which the classification is made. *Baxstrom v. Herold,* 383 U.S. 107, 86 S. Ct. 760, 15 L. Ed. 2d 620 (1965); *Powell v. State of Florida,* 579 F.2d 324 (5th Cir. 1978).

The purpose of §§ 29-3701 et seq. is to protect the public from mentally ill dangerous persons who have demonstrated their dangerous proclivities by committing criminal acts for which they are not punished because of insanity. Such past history of dangerous criminal behavior provides a rational basis for the classification.

Other courts have held that there is a rational basis for treating persons who have been acquitted of criminal charges on grounds of insanity differently than other mentally ill dangerous persons who have not, and upheld statutes similar to §§ 29-3701 et seq. See, *Benham v. Edwards,* 678 F.2d 511 (5th Cir. 1982); *United States v. Ecker,* 543 F.2d 178 (D.C. Cir. 1976); *Powell v. State of Florida, supra.*

There is a rational basis for treating mentally ill dangerous persons who have been acquitted of a crime by reason of insanity differently than other mentally ill dangerous persons who have not. Sections 29-3701 et seq., insofar as they apply only to persons acquitted of a crime by reason of insanity, are constitutional and do not violate the constitutional right of equal protection of the laws.

The defendant also contends that the court's findings that he was mentally ill and dangerous to himself or others by reason of mental illness as demon-

strated by an overt act or threat are not supported by the evidence. We disagree.

Evidence from the defendant's criminal trial was presented which established that the defendant had sexually assaulted a 10-year-old girl and then killed her along with five other members of her family.

Dr. Woytassek, the defendant's treating physician at the Lincoln Regional Center, testified that the defendant was suffering from mixed type personality disorder, drug and alcohol abuse, and pedophilia. He also gave his opinion that the defendant was a dangerous person based upon his previous drinking habits, his involvement with young girls, and his current lack of insight concerning his dangerous behavior and his refusal to admit that he had a serious problem. Dr. Woytassek also testified that defendant's mental condition had not materially changed since he was placed in the regional center.

Dr. Chesen, another witness for the State, testified that the defendant was very dangerous as a direct result of his mental condition and that his mental condition had not changed since Dr. Chesen's initial evaluation of him in 1976.

No witnesses, including the defendant's own experts, recommended that the defendant be released. In fact, one of the defendant's expert witnesses testified that there was a "very real risk" that the defendant could murder again if unconditionally released.

On the basis of this evidence the trial court found "clear and convincing" evidence that the defendant was mentally ill and dangerous. This court will not interfere on appeal with a final order made by the District Court in a mental health commitment proceeding unless the court can say as a matter of law that the order is not supported by clear and convincing proof. *State v. Mayfield,* 212 Neb. 724, 325 N.W.2d 162 (1982). In the present case it cannot be said as a matter of law that the order of the District

Court was not supported by clear and convincing proof.

The defendant's remaining assignments of error are without merit. The order of the District Court is affirmed.

AFFIRMED.