STATE OF NEBRASKA, APPELLEE, V. RONALD STEELE, APPELLANT.

399 N.W.2d 267

Filed January 2, 1987.   No. 86-238.

William G. Line of Kerrigan, Line & Martin, for appellant.

Robert M. Spire, Attorney General, Dale D. Brodkey, and William L. Howland, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the district court for Dodge County. Appellant, Ronald Steele, was charged by information with possession of a short shotgun in violation of Neb. Rev. Stat. § 28-1203 (Reissue 1985), and with being a felon in possession

of a firearm in violation of Neb. Rev. Stat. § 28-1206 (Reissue 1985). Appellant was found to be not responsible by reason of insanity. The facts relevant to this appeal are as follows.

Steele entered a plea of not responsible by reason of insanity, was so adjudged, and was committed to the Lincoln Regional Center pursuant to Neb. Rev. Stat. § 29-3701 (Reissue 1985) for a 90-day evaluation period. Although the appellant was committed on November 8, 1985, he was not actually admitted to the center until November 15. The report required by statute was prepared on February 6, 1986, and sent to the court on February 10. The hearing required by Neb. Rev. Stat. § 29-3702 (Reissue 1985) was provided the appellant on February 18, 1986, at which Steele was found by clear and convincing evidence to be dangerous to himself and others and was committed to the Lincoln Regional Center. His annual review provided for under Neb. Rev. Stat. § 29-3703(1) (Reissue 1985) is set for February 2, 1987.

The appellant assigns error to the failure of the district court to meet the statutory time limits under §§ 29-3701 and 29-3702. Specifically, the appellant assigns error to the lower court's failure to provide him an evidentiary hearing prior to the expiration of the 90-day evaluation period. The appellant also assigns error to the failure of the hospital and the court to provide and review the report of the examining psychiatrists at the Lincoln Regional Center 10 days prior to the expiration of the 90-day evaluation period. Steele's second assignment of error centers around the finding of the district court that he is dangerous to himself and others. The appellant contends that there is insufficient evidence to support such a finding. Steele contends that as a result of the above-claimed errors, the court has lost jurisdiction of the appellant and he must be released from the Lincoln Regional Center. We affirm the district court.

Section 29-3701(1) provides as follows:

> Following receipt of a verdict of acquittal on grounds of insanity, the court shall forthwith conduct a hearing to determine whether there is probable cause to believe the person is dangerous to himself, herself, or others by reason of mental illness or defect, or will be so dangerous in the foreseeable future, as demonstrated by an overt act

or threat. If the court finds probable cause, the court shall determine whether and under what conditions of confinement the acquitted person should be committed to a regional center or other appropriate facility for a period not to exceed ninety days for an evaluation of the person's mental condition and for the preparation of a treatment plan pursuant to subsection (4) of this section. When the court commits the person for evaluation, the court shall specify all conditions of the person's confinement during the evaluation including, but not limited to, all circumstances under which the person may leave a locked facility at the place of confinement. The order of commitment specifying the conditions of confinement shall include a finding by the court that any freedom of movement accorded the person outside a locked facility is consistent with the safety of the public.

The appellant argues that the evaluation of his mental health was not provided to the court within 10 days prior to the expiration of the 90-day evaluation period and that his evidentiary hearing was not provided before the expiration of the evaluation period. The appellant bases his argument upon the contentions that the language of the statutes which govern this case is mandatory and that the failure of the court to follow the statutorily set guidelines should result in the appellant's release. We disagree.

First, we find no announced penalty in the statute or the case law interpreting the statute for the State's failure to meet the statutory time limits. The appellant gives no support for his contention that the remedy is dismissal and loss of jurisdiction. Looking to analogous statutes, we note that Neb. Rev. Stat. §§ 29-1205 et seq. (Reissue 1985), the Nebraska speedy trial statutes, provide for the sanction of dismissal if the defendant is not brought to trial within the 6 months provided by statute. We note that no such sanction is provided by the statutes governing acquittals on the ground of insanity.

Penal statutes are to be strictly construed, and it is not for us to supply missing words or sentences to make clear that which is indefinite, or, as in this case, to supply that which is not there. *State v. Douglas*, 222 Neb. 833, 388 N.W.2d 801 (1986). See,

also, *In re Interest of S.S.L.*, 219 Neb. 911, 367 N.W.2d 710 (1985), where this court held that the failure of a sheriff to immediately serve parents with notice that their child had been taken into custody, Neb. Rev. Stat. § 43-250 (Reissue 1984), and the failure of the Department of Social Services to file a petition within 48 hours after taking custody of the child, Neb. Rev. Stat. § 43-275 (Reissue 1984), did not deprive the court of jurisdiction absent direct statutory language to that effect.

The appellant bases his contentions on the language of §§ 29-3701 and 29-3702, which he maintains is mandatory, and asserts that a failure to follow the time limits set out in the statutes requires discharge. Section 29-3702 provides: "Prior to the expiration of the evaluation period provided for in section 29-3701, the court shall conduct an evidentiary hearing regarding the condition of the person . . . ." Section 29-3701(5) provides in relevant part: "Such evaluation and treatment plan shall include the facts upon which conclusions stated therein are based and shall be received by the court at least ten days prior to the expiration of the evaluation period."

The appellant relies upon the case of *State v. Stratton,* 220 Neb. 854, 374 N.W.2d 31 (1985). In *Stratton* this court construed a statute which required the sentence imposed on one convicted of violating Neb. Rev. Stat. § 28-1205 (Reissue 1985), using a firearm to commit a felony, to be served consecutively to any other sentence imposed for another felony conviction as mandatory. There, we stated that the word "shall" in that statute constituted a mandate, as opposed to a directive, to consecutive sentencing.

The statute in *Stratton* differs significantly from the statutes involved in this case. The portions of §§ 29-3701 and 29-3702 which were not complied with were merely the portions of those statutes which govern the time by which the report must be submitted to the court and the time by which evidence must be provided on the subject being evaluated. In *Hartman v. Glenwood Tel. Membership Corp.*, 197 Neb. 359, 249 N.W.2d 468 (1977), this court distinguished between provisions of statutes which govern the essence of the thing to be done and those provisions of a statute which govern or direct the time or the method of the thing to be done. As stated in *Hartman* at

371-72, 249 N.W.2d at 475,

> "Generally speaking, those provisions which do not relate to the essence of the thing to be done and as to which compliance is a matter of convenience rather than substance are directory, while the provisions which relate to the essence of the thing to be done, that is, to matters of substance, are mandatory. . . . Provisions governing the time for doing an act, or directing the doing of certain things within certain times without any negative words restraining the doing thereof afterward, are deemed to be directory."

The statute involved in *Hartman* required that the Public Service Commission have a decision within 30 days of a hearing. The decision at issue in *Hartman* was not on file at the expiration of the 30-day period. There, we held that the 30-day limit was not a mandate, but a directive. The language of the statute provides that except for a showing of good cause, "a decision of the commission *shall* be made and filed within thirty days after completion of the hearing or after submission of affidavits in nonhearing proceedings." (Emphasis supplied.) See Neb. Rev. Stat. § 75-128 (Reissue 1986).

In the case of *Taylor v. Department of Transp.*, 260 N.W.2d 521 (Iowa 1977), the appellant requested a hearing after the revocation of his driver's license. Iowa Code Ann. § 321B.26 (West 1985) provides that such hearing shall be held within 20 days of the request. The appellant was not given a hearing within the statutory time limits and contended that the trial court and the Department of Transportation had lost jurisdiction as a result. The Iowa court stated at 523:

> Nevertheless, the time provision in § 321B.8 [now 321.B26] is clearly designed to provide order and promptness in the administrative process, the characteristic purpose of a directory statute. The main legislative goal of removing dangerous drivers from the highways can still be attained when hearings are late. In the absence of a showing of prejudice by the licensee, a failure to hold the revocation hearing within 20 days of receipt should not preclude a later hearing. We hold that the hearing time provision of § 321B.8 is directory and not

mandatory.

The Iowa court went on to say that statutes which fix the form, mode, or time of performance by public functionaries are generally considered to be directory, as opposed to mandatory.

Clearly, there are factual differences between these cases. However, the failure of the lower court in this case to meet the time limit set out in § 29-3701 or § 29-3702 was not a violation of a mandatory provision, as was the case in *Stratton*, but a violation of provisions of the statutes which governed the time in which the report was to be delivered to the court and the time by which an evidentiary hearing was to be provided. Appellant was given an evidentiary hearing, and a report was delivered to the court. We find no prejudice to the appellant, and this assignment of error does not support the appellant's contention that he should be released from the Lincoln Regional Center. This assignment of error is without merit.

Appellant's second assignment of error contends that there was insufficient evidence to justify his commitment to the Lincoln Regional Center. In his brief Steele alleges he committed no overt act sufficient to meet the clear and convincing evidence standard for commitment. We disagree. Here, as we have often stated, the rule in regard to the "clear and convincing standard" in a civil mental health commitment proceeding has been established. "This court will not interfere on appeal with a final order made by the District Court in a mental health commitment proceeding unless the court can say as a matter of law that the order is not supported by clear and convincing proof." *State v. Mayfield*, 212 Neb. 724, 727, 325 N.W.2d 162, 164 (1982); *State v. Simants*, 213 Neb. 638, 330 N.W.2d 910 (1983).

While in possession of a short shotgun, Steele was found walking around his son's school. He stated he had come to say goodbye to his son before killing himself. The reports of the several psychiatrists that have examined the appellant have concluded that Steele is insane, suffering from alcoholism, is paranoid, and has delusions and hallucinations. The opinion of Dr. Woytassek of the Lincoln Regional Center is that Steele was dangerous to himself and others. Clearly, it cannot be said that, as a matter of law, the trial judge was incorrect in his finding

that the appellant was dangerous to himself and others. This assignment of error is also without merit. We affirm the findings and order of the trial court.

AFFIRMED.