JAMES TULLOCH ET AL., APPELLANTS, RONALD STEELE, APPELLEE,
v. STATE OF NEBRASKA ET AL., APPELLEES.
465 N.W.2d 448

Filed February 1, 1991.    No. 88-798.

James Tulloch and J.C. Jenkins, pro se.

Robert M. Spire, Attorney General, and Vanessa Jones for appellees State et al.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

James Tulloch and J.C. Jenkins are incarcerated at the Lincoln Regional Center pursuant to state law as persons acquitted on grounds of insanity. See Neb. Rev. Stat. §§ 29-3701 et seq. (Reissue 1989). On October 27, 1987, Tulloch, Jenkins, and Ronald Steele filed a petition questioning the constitutionality of the law, naming as defendants the State of Nebraska, Dr. Klaus Hartmann, superintendent of the Lincoln Regional Center, and Dale Johnson, director of the Department of Public Institutions. Steele has since been released from incarceration and is no longer a party to the suit.

The district court sustained the defendants' demurrer, which alleged lack of jurisdiction, improper joinder of causes of action, and failure to state a cause of action. Following the filing of an amended petition, the defendants' second demurrer was sustained, and the amended petition was dismissed. The district court found that the amended petition did not state

facts sufficient to constitute a cause of action. This pro se appeal followed.

The appellants assign as error the district court's failure to rule that the law regarding persons acquitted on grounds of insanity is unconstitutional because it violates the equal protection clause of the 14th amendment to the U.S. Constitution. They find defect with the law because the civil mental health commitment act defines "mentally ill and dangerous person" and guarantees free, independent evaluation for indigents, while the acquitted persons law does not. The appellants contend that the acquitted persons law is unconstitutional because it uses "clear and convincing" as the evidentiary standard, even though it is a criminal law and the appropriate standard is "beyond a reasonable doubt." The appellants also assert that § 29-3703 is vague and ambiguous, in violation of the due process clauses of the state and federal Constitutions, and that the district court erred in granting the defendants' demurrer.

We find no merit to the appellants' assignments and affirm the order of the district court dismissing the appeal.

Nebraska statutes provide for special procedures in the case of persons acquitted of a crime on grounds of insanity. When an individual is acquitted on these grounds, a hearing is held to determine "whether there is probable cause to believe the person is dangerous to himself, herself, or others by reason of mental illness or defect, or will be so dangerous in the foreseeable future, as demonstrated by an overt act or threat." § 29-3701(1). If the court finds probable cause, the individual may be committed to a regional center or other facility for up to a 90-day evaluation period, during which a treatment plan is developed. The court shall specify all conditions of the individual's confinement during this period.

Before the end of the evaluation period, the court shall conduct an evidentiary hearing regarding the person's condition, and if the evidence is clear and convincing that the person is dangerous, the court shall commit the person for treatment to one of the regional centers or other appropriate facility. § 29-3702. The statute calls for an annual review by the original trial court of the individual's status, and if it is found

that the individual is no longer dangerous, the court shall order the individual unconditionally released. § 29-3703. If continued dangerousness is found, the person may be returned for further treatment and may be placed in a less restrictive setting if that placement is consistent with public safety. § 29-3703(2). The individual is entitled to counsel and other constitutional rights for each hearing conducted under the statute. § 29-3704.

We turn first to the appellants' contention that the acquitted persons statutes violate equal protection because, unlike the civil mental health commitment act, they do not define "mentally ill and dangerous."

The Nebraska Mental Health Commitment Act, Neb. Rev. Stat. §§ 83-1001 et seq. (Reissue 1987), which governs civil commitments, defines a "mentally ill dangerous person" as

any mentally ill person, alcoholic person, or drug abusing person who presents:

(1) A substantial risk of serious harm to another person or persons within the near future as manifested by evidence of recent violent acts or threats of violence or by placing others in reasonable fear of such harm; or

(2) A substantial risk of serious harm to himself or herself within the near future as manifested by evidence of recent attempts at, or threats of, suicide or serious bodily harm or evidence of inability to provide for his or her basic human needs, including food, clothing, shelter, essential medical care, or personal safety.

§ 83-1009.

The acquitted persons statutes define one who shall be subject to them as a person who "is dangerous to himself, herself, or others by reason of mental illness or defect, or will be so dangerous in the foreseeable future, as demonstrated by an overt act or threat." § 29-3701(1). The same definition is repeated in §§ 29-3701(3) and 29-3702.

Both the civil commitment and acquitted persons statutes require the court or mental health board to find, based on evidence of an overt act or threat, that the individual is dangerous to himself or herself or to others, or that the individual will be dangerous in the foreseeable or near future.

While the statutes do not use identical terminology, the meaning is the same, and we find no constitutional violation in the wording of the acquitted persons statutes.

The appellants also argue that the acquitted persons statutes violate equal protection because they do not provide for a free, independent evaluation for indigents, as does the civil commitment act. They refer us to § 83-1052, which provides that the subject of a mental health petition shall have the right to employ a physician or clinical psychologist for an independent evaluation of the subject's mental condition. If the subject is indigent, only one expert may be employed, unless leave is obtained of the mental health board.

The acquitted persons statutes do provide for evaluation and development of a treatment plan by mental health professionals, following the probable cause hearing. § 29-3701(1). If the individual wants an additional evaluation, "he or she may file a motion with the court requesting an evaluation by one or more qualified experts of his or her choice. Such evaluation shall be at the person's expense *unless otherwise ordered by the court.*" (Emphasis supplied.) § 29-3701(6). It is true that the acquitted persons statutes do not guarantee a free, independent evaluation for indigents, but it is also clear that such an evaluation may be obtained upon the individual's motion. The appellants have not demonstrated that they sought such an evaluation and were denied it by any court. We find no constitutional violation in the procedures for evaluation as provided in the acquitted persons statutes, and the appellants' assignments of error claiming such violations are meritless.

Next, the appellants suggest that § 29-3703 violates the due process clause of the Constitution and is vague and ambiguous because it applies the civil weight of evidence standard, that of "clear and convincing evidence," rather than the criminal weight of evidence standard, "beyond a reasonable doubt." They argue that the statute is a criminal law, and as such the criminal standard should be applied.

The only evidentiary standard in the acquitted persons statutes is found in § 29-3702, which defines the requirements for an evidentiary hearing prior to the expiration of the

evaluation period. At that hearing,· the court must find by "clear and convincing evidence" that the individual remains dangerous. Section 29-3703 also calls the annual review an evidentiary hearing. While no burden is identified, we interpret the statute to mean that the burden is on the State to prove by clear and convincing evidence that the individual remains dangerous.

The appellants seem to argue that because the acquitted persons statutes are found in chapter 29, criminal procedure, of the Nebraska statutes, the burden of proof must always be beyond a reasonable doubt. Yet, the statutes provide that the burden to prove that an individual is not responsible by reason of insanity is on the defendant "by a preponderance of the evidence." Neb. Rev. Stat. § 29-2203 (Reissue 1989).

In an earlier action which sought an acquitted person's release through the use of habeas corpus, we noted that the acquitted person "is now being held pursuant to *civil commitment* growing out of a criminal action . . . ." (Emphasis supplied.) *Mayfield v. Hartmann*, 221 Neb. 122, 125, 375 N.W.2d 146, 149 (1985). Tulloch and Jenkins were acquitted of the criminal charges filed against them after asserting the insanity defense. Subsequently, they were committed civilly to the regional center for treatment. The civil commitment standard of "clear and convincing" evidence is appropriate.

As to the vagueness of the required review proceedings under § 29-3703, we note that the law requires a full panoply of constitutional rights for the individual throughout the various hearings. § 29-3704. Any court can clearly determine the rights to which the individual is entitled, and we do not find that the statute is vague in that respect.

The constitutionality of the acquitted persons statutes has been previously attacked and was upheld by this court. In *State v. Simants*, 213 Neb. 638, 640, 330 N.W.2d 910, 912 (1983), we found that a rational basis existed for

> treating mentally ill dangerous persons who have been acquitted of a crime by reason of insanity differently than other mentally ill dangerous persons who have not. Sections 29-3701 et seq., insofar as they apply only to persons acquitted of a crime by reason of insanity, are

constitutional and do not violate the constitutional right of equal protection of the laws.

We stated that even if acquitted persons and committed persons are similarly situated for equal protection purposes,

a mere difference in treatment between the two classes, standing alone, does not invalidate the statutes nor render them constitutionally defective. Equal protection does not require that all persons be treated identically. It only requires that a distinction drawn by the Legislature between individuals has some relevance to the purpose for which the classification is made.

*Id.*

The purpose of the acquitted persons statutes is "to protect the public from mentally ill dangerous persons who have demonstrated their dangerous proclivities by committing criminal acts for which they are not punished because of insanity. Such past history of dangerous criminal behavior provides a rational basis for the classification." *Id.*

A rational basis for treating acquitted persons differently from other mentally ill dangerous persons has been upheld by other courts. See, *United States v. Ecker*, 543 F.2d 178 (D.C. Cir. 1976), *cert. denied* 429 U.S. 1063, 97 S. Ct. 788, 50 L. Ed. 2d 779 (1977); *Powell v. State of Florida*, 579 F.2d 324 (5th Cir. 1978).

When a statute is challenged for its constitutionality, we must reaffirm the "presumption that all acts of the Legislature are constitutional with all reasonable doubts resolved in favor of constitutionality." *Distinctive Printing & Packaging Co. v. Cox*, 232 Neb. 846, 849-50, 443 N.W.2d 566, 570 (1989). The burden is on the parties attacking a statute to establish that it is violative of equal protection and that no rational basis exists for treating the classes differently. *Id.*

This appeal has raised no unique constitutional questions about the validity of the acquitted persons statutes, and we find the claims to be nonmeritorious. The district court was correct in sustaining the defendants' demurrer and in dismissing the petition of the appellants, and that decision is affirmed.

AFFIRMED.