STATE OF NEBRASKA, APPELLEE, V. STANLEY JONES, APPELLANT.
491 N.W.2d 30

Filed October 23, 1992. No. S-86-796.

 

Steven M. Lathrop, of Hauptman, O'Brien, Wolf & Lathrop, P.C., for appellant.

Stanley Jones, pro se.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Stanley Jones appeals his jury convictions of attempted robbery (count I) and use of a firearm to commit a felony (count II). Both convictions are Class III felonies for which Jones was sentenced to consecutive terms of from 6 to 10 years.

On appeal, Jones' claims can be summarized to assert that the trial court erred in not granting him a new trial because (1) the evidence against him was insufficient to sustain a conviction and (2) he was denied effective assistance of counsel as guaranteed by the Sixth Amendment to the U.S. Constitution. We affirm.

On March 27, 1986, a man entered the Metropolitan Building and Loan Association (MB&LA) in Omaha, Nebraska, at approximately 10:05 a.m. The man approached a gate near the counter, pulled a mask over his lower face, and pointed a gun at a teller. The teller is the wife of the owner of MB&LA. The owner was in an adjoining office, and when he saw the would-be robber point a gun at his wife, he shot at the robber with a gun he kept in his office.

The shot missed the suspect, who ran from the building, and the owner and his son briefly chased him. Two bystanders also saw the suspect fleeing. One of the bystanders observed him jump into the back seat of a car and noted the license plate number. This license plate number was registered to a vehicle which matched the bystanders' description and was owned by Jones, the appellant.

Police investigators compiled a photographic spread of Jones and five other persons. Two bank tellers from MB&LA separately identified Jones as the would-be robber from this photo spread, and formal charges were subsequently brought against Jones.

At a hearing on Jones' motion to suppress identification, an officer testified to the procedure used in obtaining the identification through the photo spread. The tellers testified about the circumstances of the attempted robbery and the events surrounding the viewing of the photo spread. Based on this evidence, the district court determined that the circumstances surrounding the tellers' identification and the photo spread were not unduly suggestive and overruled Jones' objection to their admission at trial.

These three witnesses also testified at the ensuing jury trial. Jones elected not to take the stand, and he was subsequently convicted, on September 3, 1986. The motion for a new trial was denied, and this appeal resulted.

The procedural posture of this reinstated direct appeal is unusual and bears examination, as it pertains to the review of the record required of this court.

Jones' first court-appointed counsel, the public defender, filed a notice of appeal to this court on September 18, 1986. Approximately 3 months later, counsel filed a motion for leave to withdraw appearance in the case. This request was based on counsel's assessment that the appeal had no legal merit and was therefore frivolous. Counsel filed a brief in support of his motion to withdraw wherein he referred to potential issues for reversal of Jones' conviction but gave arguments only in favor of affirming the conviction. We granted the public defender's motion to withdraw and summarily dismissed Jones' direct appeal on February 2, 1987.

Jones then filed for postconviction relief based in part on the allegation that he was denied effective assistance of counsel on appeal to the Nebraska Supreme Court. The district court observed that the counsel's brief filed in the Nebraska Supreme Court on direct appeal had failed to advance arguments for reversal, while instead arguing in favor of affirming the conviction. Citing the U.S. Supreme Court holding in *Anders*

*v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the district court noted that such argument in withdrawal briefs is not permitted by the federal courts because it deprives the defendant of his right to adequate representation on direct appeal. Consequently, the district court granted Jones a new direct appeal to the Nebraska Supreme Court from his original convictions and sentences.

We note that the remedy ordered by the district court for a violation of the dictates of the *Anders* decision, i.e., a reinstated direct appeal, has been approved by the U.S. Court of Appeals for the Eighth Circuit. See *Robinson v. Black*, 812 F.2d 1084 (8th Cir. 1987).

As previously noted, the present appeal is predicated on two claims. First, the insufficiency of evidence claim challenges the ability and opportunity of the two MB&LA tellers to observe the perpetrator and subsequently identify Jones as the suspect.

We have consistently held that a verdict in a criminal case must be sustained if the relevant evidence, when viewed and construed in the light most favorable to the State, is sufficient to support the verdict. *State v. Jansen, ante* p. 196, 486 N.W.2d 913 (1992). It is only when properly admitted evidence lacks sufficient probative force as a matter of law that an appellate court may set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *Id.*

Defendant has not briefed, nor could we find, any plain error in the trial court's determination that the photo spread identification was not unduly suggestive. Additionally, the testimony at trial, when viewed most favorably for the State, reveals that on the day in question the tellers were both working at teller windows in a well-lit area of the building, both looked up when the door to the building opened, and both observed the would-be perpetrator walk in and approach the "gate" near one of the teller windows. Both tellers saw the suspect's face before he pulled up the mask.

The farther teller, who had extensive security and robbery training from working at a bank for 13 years, wrote down a description of the suspect and did not discuss the identification with the other teller. When the suspect pulled out the gun, the teller was, at most, 10 feet away.

The other teller was not engaged when the suspect entered the building, and she stepped over to the gate when the suspect approached. She stood immediately to the side of him as he attempted to cover his lower face with a handkerchief and did not duck when her husband fired shots at the perpetrator. This teller always wears glasses and was wearing them on that day. She also did not speak about the man's appearance with the other teller.

> In reviewing a criminal conviction, the Supreme Court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence. Such matters are for the finder of fact, and the verdict will be affirmed, in the absence of prejudicial error, if properly admitted evidence, viewed and construed most favorably to the State, is sufficient to support the conviction.

*State v. Sassen*, 240 Neb. 773, 774, 484 N.W.2d 469, 470 (1992).

An examination of the evidence in the record, construed in favor of the State in light of the defendant's convictions, discloses that the opportunity and ability of the tellers to identify Jones as the attempted robber are not insufficient as a matter of law. We therefore conclude that the challenged evidence is relevant and sufficient and supports the judgments of conviction.

Jones' second assignment of error, ineffective assistance of counsel, is based on several alleged failures of the then appointed counsel. Jones alleges that counsel failed to call a 9-year-old bystander whose description of the suspect somewhat differed from the tellers' identification and that counsel failed to attempt to secure the testimony of a witness, identified only as "Chuckie," who had allegedly borrowed Jones' car on the morning of the attempted robbery.

The allegation as to counsel's decision not to call the minor bystander, whose differing description was of questionable value to the defense, is not meritorious. "The decision to call, or not to call, a particular witness, made by counsel as a matter of trial strategy, even if that choice proves ineffective, will not, without more, sustain a finding of ineffectiveness of counsel." *State v. Ellefson*, 231 Neb. 120, 123, 435 N.W.2d 653, 656 (1989).

A defense attorney's duty is " 'to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.' " *State v. Painter*, 229 Neb. 278, 281, 426 N.W.2d 513, 516 (1988) (quoting *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). The record reveals that the attorney attempted to locate "Chuckie" through the defendant's sister and various suggested hangouts, but counsel was unable to ascertain either his full name or his whereabouts. The attorney having made a reasonable investigation given the limited information, this evidence does not support a claim of ineffective counsel.

Jones also maintains that counsel was ineffective because he failed to secure a complete record of the trial proceedings, which should have included voir dire, opening statement, and closing argument. Furthermore, Jones, who is black, alleges that counsel failed to object to the State's striking of the lone black venireperson in light of the then-recent U.S. Supreme Court holding in *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986).

In Jones' appeal brief, he cites to the postconviction hearing record as the reference point for testimony relating to the improper exclusion of the black venireperson. To reiterate, Jones' petition for postconviction relief was filed after the original direct appeal but just prior to this reinstated direct appeal.

As the State notes, testimony from the postconviction relief hearing would not generally be before this court on a direct appeal. Typically, only the conviction and sentencing records created in the district court prior to an original direct appeal are properly reviewable in a reinstated direct appeal.

While the postconviction record is necessarily before the court as a prerequisite to this court's jurisdiction, this limited purpose precludes a review of the entire postconviction record on direct appeal.

A review of the conviction and sentencing records reveals that Jones' counsel did not request a recordation of voir dire, opening statement, or closing argument. However, to sustain a claim of ineffective assistance of counsel, the defendant must demonstrate prejudice was suffered, and the record must

affirmatively support the claim. *State v. Sanders*, 235 Neb. 183, 455 N.W.2d 108 (1990).

At the combined hearing on Jones' motion for a new trial and hearing to impose sentence, Jones stated that he "was denied fair jury selection by my attorney, who refused to allow me to strike a juror at my request. And no blacks were allowed on my jury, and I was convicted by an all white jury." The jury roster does not indicate the race of the potential jurors or indicate in any way whether the State acted improperly by striking a black venireperson. The trial record is void of any other independent evidence upon which an alleged prejudicial finding can be based.

Without other evidence tending to demonstrate prejudice suffered by a criminal defendant, the failure of counsel to request a recordation of voir dire, opening statement, or closing argument is insufficient to support an ineffective assistance of counsel claim. Consequently, there is also insufficient evidence in the trial record to substantiate the appellant's claims regarding an improper challenge to a black venireperson.

In conclusion, we find that the tellers' opportunity to identify Jones as the would-be robber was not insufficient to support the convictions. We further find that there is insufficient evidence in the record before us to support defendant's claim of ineffective assistance of counsel. We hold that the trial court did not err in denying Jones' motion for a new trial, and we therefore affirm the defendant's convictions and sentences.

To clarify, by affirming the trial court proceedings on this direct appeal, we are simply ruling on the merits of those assignments of error that were properly reviewable from the conviction and sentencing record. By affirming the trial court's judgments on direct appeal, we are not ruling on the merits of the postconviction claims.

AFFIRMED.