STATE OF NEBRASKA, APPELLEE, V. STANLEY JONES, APPELLANT.

522 N.W.2d 414

Filed October 7, 1994. No. S-93-360.

Stanley Jones, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HASTINGS, C.J., WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ., and BOSLAUGH, J., Retired.

WHITE, J.

In this third appearance before this court, Stanley Jones appeals from a decision of the district court for Douglas County denying postconviction relief.

In the first of the appeals, this court affirmed without opinion Jones' convictions for attempted robbery and use of a firearm to commit a felony and the motion of court-appointed counsel to withdraw on the ground that the appeal was frivolous. *State v. Jones*, 224 Neb. xxv (case No. 86-796, Jan. 23, 1987). At the hearing on the first postconviction petition, the district court ordered a direct appeal reinstated on the holding that the motion and supporting brief of appointed counsel did not conform to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

We note that the U.S. Court of Appeals for the Eighth Circuit approved the reinstated direct appeal remedy ordered by the district court, and we considered all issues which were assigned and argued in the direct appeal. Again we affirmed. *State v. Jones*, 241 Neb. 740, 491 N.W.2d 30 (1992).

Jones assigns as error in this cause that (1) counsel failed to require the reporter to record voir dire of the jury, opening statements, closing arguments, and the rendering of the verdict; (2) the jury did not consist of a fair cross section of the community; and (3) counsel failed to request certain lesser-included instructions. The facts are set out in the previous opinion, see *id.*, and need not be repeated here.

We will deal with the assigned errors in the order set out. Neb.

Ct. R. of Official Ct. Rptrs. 4b(3) and (4) (rev. 1992) requires the transcription of the voir dire exam and of opening and closing statements of the parties when requested by counsel, any party, or the court. The recordation of those parts of a trial was not made mandatory by the rules, and the failure to require recordation cannot be said, ipso facto, to constitute negligence or inadequacy of counsel.

Indeed, the appellant in a postconviction proceeding has the burden of alleging and proving that the claimed error is prejudicial. No error was alleged, and none was established at the postconviction hearing. The assignment is not meritorious. See *State v. Meis*, 233 Neb. 355, 445 N.W.2d 610 (1989), *overruled on other grounds, State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993).

We consider Jones' next assignment of error. Jones alleges that the jury did not represent a fair cross section of the community, and he was thus denied a fair trial. Jones challenges the jury selection system. Jones is a black male, and the jury consisted of Caucasians. In order to establish a prima facie case of a violation of the Sixth Amendment right to a jury pool representing a fair cross section of the community, Jones must show

> "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process."

*State v. Perez*, 235 Neb. 796, 805, 457 N.W.2d 448, 455 (1990), quoting *Duren v. Missouri*, 439 U.S. 357, 99 S. Ct. 664, 58 L. Ed. 2d 579 (1979). Jones must also show that the State purposefully discriminated against blacks in venire selection in order to establish a prima facie case of a violation of his 14th Amendment right to due process and equal protection. See *Perez, supra*.

Jones fails to meet his burden. He alleges that blacks are underrepresented on juries in Douglas County, but fails to link any alleged underrepresentation to a systematic exclusion of

blacks from the jury selection process as required by *Perez*. Jones also fails to show that the State purposefully discriminated against blacks on his venire or that the State even had the opportunity to discriminate.

Rudy Tesar, clerk of the district court for Douglas County, testified at Jones' postconviction hearing as to the method used to select potential jurors. Tesar testified that potential jurors are randomly selected via computer from voter registration and driver's license lists within Douglas County. No one is excluded from these lists, except those with a physical disability and those over the age of 65, who have the option of being excluded. The election commissioner then summons for jury duty those chosen randomly from that pool of potential jurors. Those who receive a summons congregate at the courthouse to await potential jury duty. A group of randomly chosen potential jurors is then assigned to a courtroom; the size of the group depends on the type of case being tried in that courtroom. Once that group of potential jurors is assigned to a courtroom, their names are mixed in a large cylinder, and a certain number of names is randomly selected for voir dire. Tesar testified that there was no opportunity to exclude any blacks from jury selection. At each step, the group of potential jurors is reduced by random selection. Jones argues that anyone who scans a list of registered voters or a list of those with driver's licenses can tell that minorities, women, the poor, and the oppressed are excluded. This argument is meritless.

Jones cannot satisfy the elements set forth in *Perez*, which are needed to show a prima facie case of a violation of his Sixth Amendment right to an impartial jury, particularly the third element. Jones cannot connect any alleged underrepresentation with systematic exclusion, nor can he satisfy the "purposeful discrimination" requirement necessary to set forth a prima facie case of a violation of his 14th Amendment right to due process and equal protection.

Tesar's testimony fails to reveal a systematic exclusion of blacks from jury duty in Douglas County. This being true, Jones fails to show how being tried by a Caucasian jury denied him a fair trial. The district court found that Jones could not establish a prima facie case with respect to his jury array

challenge, and having found more than adequate support in the record for the district court's finding, we agree.

We next discuss Jones' final assignment of error. Jones contends that the district court abused its discretion when it failed to include attempted assault in the third degree, attempted terroristic threat, attempted theft by unlawful taking, and attempted theft by extortion as lesser-included offenses of attempted armed robbery. Jones failed to raise this issue upon direct appeal to this court. See *State v. Jones*, 241 Neb. 740, 491 N.W.2d 30 (1992). A motion for postconviction relief cannot be used to secure review of issues which were known to defendant and could have been litigated on direct appeal. *State v. Blankenfeld*, 228 Neb. 611, 423 N.W.2d 479 (1988). See, also, *State v. Otey*, 236 Neb. 915, 464 N.W.2d 352 (1991).

Jones was aware of the district court's instructions to the jury on the offenses for which he was charged at the time of his direct appeal to this court. Jones could have raised this issue on direct appeal but did not. We note that Jones had a different attorney on appeal than at the trial level, and Jones does not allege that his appellate attorney was ineffective for failing to raise this issue. The issue is thus barred from consideration by this court.

Upon finding that none of the assignments of error have merit, we affirm the judgment.

AFFIRMED.