STATE OF NEBRASKA, APPELLEE, V. PHILLIP E. BOWEN, APPELLANT.
580 N.W. 2d 535

Filed June 26, 1998.   No. S-97-839.

Phillip E. Bowen, pro se.

Don Stenberg, Attorney General, and David T. Bydalek for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

CONNOLLY, J.

Phillip E. Bowen filed a second motion for postconviction relief, and it was dismissed by the trial court. We affirm because Bowen could have raised the lesser-included offense issue in his direct appeal and his first postconviction action.

## BACKGROUND

Bowen was convicted of first degree murder and the use of a firearm to commit a felony in 1988. See *State v. Bowen*, 232 Neb. 725, 442 N.W.2d 209 (1989) (*Bowen I*). On his direct appeal in *Bowen I*, Bowen was represented by different counsel than at trial. See *State v. Bowen*, 244 Neb. 204, 505 N.W.2d 682 (1993) (*Bowen II*). This court affirmed Bowen's convictions in *Bowen I*. Bowen then filed a motion for postconviction relief pro se, which was dismissed by the trial court. See *Bowen II, supra*. We affirmed the trial court's dismissal in *Bowen II*. Finally, Bowen filed yet another pro se motion for postconviction relief, which is the subject of this appeal, and it also was dismissed by the trial court.

## ASSIGNMENTS OF ERROR

Rephrased, Bowen asserts that the trial court abused its discretion in (1) denying his request for appointment of counsel to represent and advise him in presenting and arguing his motion for postconviction relief, (2) denying his request for an evidentiary hearing on his motion for postconviction relief, and (3) dismissing his motion for postconviction relief.

## SCOPE OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Fletcher*, 253 Neb. 1029, 573 N.W.2d 752 (1998).

## ANALYSIS

Bowen asserts that the trial court erred in dismissing his motion for postconviction relief, arguing that his right to due process was violated by his felony murder conviction because the trial court failed to give an instruction concerning any lesser-included offenses and that Bowen's trial counsel was ineffective in failing to request such instructions.

At the outset, we note that this is Bowen's second pro se motion for postconviction relief and that his direct appeal was handled by a different attorney than the attorney that represented Bowen at trial. Once a motion for postconviction relief has been judicially determined, any subsequent motion for such

relief from the same conviction and sentence may be dismissed unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the prior motion was filed. *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994). Furthermore, a motion for postconviction relief cannot be used to secure review of issues which were known to defendant and could have been litigated on direct appeal. *State v. Jones*, 246 Neb. 673, 522 N.W.2d 414 (1994).

Bowen has failed to make any showing that he could not have raised any issues concerning the lack of lesser-included offense instructions in his first motion for postconviction relief. He has likewise failed to make any showing that he was not aware of the failure of his counsel on direct appeal to raise any such issues. See *State v. Jones, supra* (holding that this court was barred from considering motion for postconviction relief concerning trial court's failure to give certain lesser-included offense instructions when different attorney represented movant on direct appeal than at trial level and issue was not raised on direct appeal).

Because Bowen's counsel on direct appeal did not raise any issue concerning the trial court's failure to give lesser-included offense instructions, which could have been raised on direct appeal, and because Bowen did not raise any such remaining issues on his first motion for postconviction relief, which could have been raised at that time, we conclude that these issues are barred from consideration by this court.

## CONCLUSION

This court is barred from considering Bowen's second motion for postconviction relief.

AFFIRMED.